## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

KATRINA BROWN,

        Plaintiff,

v.

DETROIT PUBLIC SCHOOLS
COMMUNITY DISTRICT, MAYOR
MIKE DUGGAN, JUDGE STEVEN
RHODES, ALYCIA
MERIWEATHER, FELICIA
VENABLE-AKINBODE, MATHEW
SAM, DR. SHERRELL HOBBS,
FELICIA COKK, IVAN BRANSON,
GEORGINA TAIT, and DOES 1-5,

        Defendants.

Case No.:  2-17-cv-12936

Hon. Bernard Friedman

Magistrate Judge David R. Grand

**DEFENDANTS DETROIT PUBLIC SCHOOLS COMMUNITY DISTRICT, FELICIA COOK AND IVAN BRANSON'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

---

UNITED for EQUALITY and
AFFIRMATIVE ACTION LEGAL
DEFENSE FUND
Shanta Driver (P65007)
shanta.driver@ueaa.net
Monica Smith (P73439)
monica.smith@ueaa.net
19526-B Cranboork Drive
Detroit, Michigan 48221
(313) 585-3637 (Telephone)
(248) 355-5148 (Facsimile)
*Counsel for Plaintiff*

DETROIT PUBLIC SCHOOLS
COMMUNITY DISTRCT
OFFICE OF GENERAL COUNSEL
Rebecca Shaw-Hicks (P40732)
rebecca.hicks@detroitk12.org
Theophilus E. Clemons (P47991)
theophilus.clemons@detroitk12.org
Phyllis Hurks-Hill (P48809)
phyllis.hurks-hill@detroitk12.org
Jenice C. Mitchell Ford (P61511)
jenice.mitchellford@detroitk12.org
3011 West Grand Boulevard, Ste 1002
Detroit, Michigan 48202
(313) 873-4528 (Telephone)
(313) 873-4564 (Facsimile)
*Counsel for Defendants Detroit Public
Schools Community District, Felicia
Cook and Ivan Branson*

**DEFENDANTS DETROIT PUBLIC SCHOOLS COMMUNITY DISTRICT, FELICIA COOK AND IVAN BRANSON'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Defendants Detroit Public Schools Community District, Felicia Cook and Ivan Branson (collectively "Defendants"), through their counsel Detroit Public Schools Community District Office of General Counsel, hereby move this Court for dismissal of the Complaint in this action for Plaintiff's failure to state a claim upon which relief can be granted. As such, Defendants are entitled to dismissal as a matter of law pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth in the attached Brief, Defendants respectfully request that this Court grant their Motion filed pursuant to Fed. R. Civ. P. 12(b)(6).

Concurrence in the relief sought in this Motion was requested from Plaintiff's counsel on October 20, 2016. To date, concurrence has not been obtained.

1

Respectfully Submitted by:

DETROIT PUBLIC SCHOOLS
COMMUNITY DISTRICT
OFFICE OF GENERAL COUNSEL

/s/ Rebecca Shaw-Hicks
Rebecca Shaw-Hicks (P40732)
rebecca.hicks@detroitk12.org
Theophilus E. Clemons (P47991)
theophilus.clemons@detroitk12.org
Phyllis Hurks-Hill (P48809)
phyllis.hurks-hill@detroitk12.org
Jenice C. Mitchell Ford (P61511)
jenice.mitchellford@detroitk12.org
3011 West Grand Boulevard, Suite 1002
Detroit, Michigan 48202
(313) 873-4528 (Telephone)
(313) 873-4564 (Facsimile)
*Counsel for Defendants Detroit Public
Schools Community District, Felicia Cook
and Ivan Branson*

Date:  October 20, 2017

## CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2017, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

Respectfully Submitted By:

DETROIT PUBLIC SCHOOLS
COMMUNITY DISTRICT
OFFICE OF GENERAL COUNSEL

/s/ Rebecca Shaw-Hicks
Rebecca Shaw-Hicks (P40732)
rebecca.hicks@detroitk12.org
Theophilus E. Clemons (P47p991)
theophilus.clemons@detroitk12.org
Phyllis Hurks-Hill (P48809)
phyllis.hurks-hill@detroitk12.org
Jenice C. Mitchell Ford (P61511)
jenice.mitchellford@detroitk12.org
3011 West Grand Boulevard, Ste 1002
Detroit, Michigan 48202
(313) 873-4528
(313) 873-4564 (Facsimile)
*Counsel for Defendants Detroit Public
Schools Community District, Felicia Cook
and Ivan Branson*

3

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

KATRINA BROWN,

    Plaintiff,

v.

DETROIT PUBLIC SCHOOLS
COMMUNITY DISTRICT, MAYOR
MIKE DUGGAN, JUDGE STEVEN
RHODES, ALYCIA
MERIWEATHER, FELICIA
VENABLE-AKINBODE, MATHEW
SAM, DR. SHERRELL HOBBS,
FELICIA COKK, IVAN BRANSON,
GEORGINA TAIT, and DOES 1-5,

    Defendants.

Case No.: 2-17-cv-12936

Hon. Bernard Friedman

Magistrate Judge David R. Grand

**BRIEF IN SUPPORT OF
DEFENDANTS DETROIT
PUBLIC SCHOOLS
COMMUNITY DISTRICT,
FELICIA COOK AND IVAN
BRANSON'S MOTION TO
DISMISS PURSUANT TO FED.
R. CIV. P. 12(b)(6)**

| | |
|---|---|
| UNITED for EQUALITY and AFFIRMATIVE ACTION LEGAL DEFENSE FUND<br>Shanta Driver (P65007)<br>shanta.driver@ueaa.net<br>Monica Smith (P73439)<br>monica.smith@ueaa.net<br>19526-B Cranboork Drive<br>Detroit, Michigan 48221<br>(313) 585-3637 (Telephone)<br>(248) 355-5148 (Facsimile)<br>*Counsel for Plaintiff* | DETROIT PUBLIC SCHOOLS COMMUNITY DISTRCT OFFICE OF GENERAL COUNSEL<br>Rebecca Shaw-Hicks (P40732)<br>rebecca.hicks@detroitk12.org<br>Theophilus E. Clemons (P47991)<br>theophilus.clemons@detroitk12.org<br>Phyllis Hurks-Hill (P48809)<br>phyllis.hurks-hill@detroitk12.org<br>Jenice C. Mitchell Ford (P61511)<br>jenice.mitchellford@detroitk12.org<br>3011 West Grand Boulevard, Ste 1002<br>Detroit, Michigan 48202<br>(313) 873-4528 (Telephone)<br>(313) 873-4564 (Facsimile)<br>*Counsel for Defendants Detroit Public Schools Community District, Felicia Cook and Ivan Branson* |

# TABLE OF CONTENTS

**Page**

STATEMENT OF ISSUES PRESENTED ................................................................ iv

CONCISE STATEMENT OF REASONS AND CONTROLLING AUTHORITY
SUPPORTING MOTION .................................................................................. v

INDEX OF AUTHORITIES ................................................................................ vii

BRIEF IN SUPPORT OF DEFENDANTS DETROIT PUBLIC SCHOOLS
COMMUNITY DISTRICT, FELICIA COOK AND IVAN BRANSON'S MOTION
TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) ...................................... 1

BACKGROUND .................................................................................................. 2

    I.    The Parties ............................................................................................ 2

    II.   Plaintiff's Claims .................................................................................. 3

ARGUMENT ...................................................................................................... 3

    I.    Standard of Review – Fed. R. Civ. P. 12(b)(6) ...................................... 3

    II.   Count I Fails As A Matter Of Law ....................................................... 5

          A.    Michigan Constitutional Claims ............................................... 5

          B.    U.S. Constitutional Claims ........................................................ 7

    III.   Count II Must Be Dismissed In Its Entirety ......................................... 9

    IV.   Plaintiff's Employment Claims In Counts III and IV Are Legally And
        Factually Insufficient ........................................................................... 9

          A.    Plaintiff's PERA Claim Is Not Plausible Because MERC Has
              Exclusive Jurisdiction Over PERA Claims And Plaintiff Has
              Failed To Exhaust Her Administrative Remedies ..................... 9

          B.    Plaintiff's Whistleblower Claim Must Be Dismissed Because It
              Is Untimely and Outside 90-Day Limitation ............................ 11

V.    Plaintiff's Substantive Due Process Claim In Count V Fails To State A Claim ..................................................................................... 14

    A.    Both the Individual Capacity and Official Capacity Claims Against Cook And Branson Should Be Dismissed.................. 18

    B.    Cook and Branson Are Entitled To Qualified Immunity ........ 19

VI.   Plaintiff's Count VI Fails To State A Claim For Intentional Infliction of Emotional Distress ..................................................................... 20

VII.  Plaintiff's Count VII Fails To State A Claim For Defamation Against Defendant Cook ........................................................................... 24

CONCLUSION ........................................................................................ 25

## <u>STATEMENT OF ISSUES PRESENTED</u>

I.   Should Plaintiff's Claims Be Dismissed For Failure To State A Claim Pursuant To Fed. R. Civ. P. 12(b)(6)?

> Defendants Detroit Public Schools Community District, Felicia Cook and Ivan Branson answer "Yes."
>
> Plaintiff answers "No."

# CONCISE STATEMENT OF REASONS AND CONTROLLING AUTHORITY SUPPORTING MOTION

Defendants Detroit Public Schools Community District, Felicia Cook and Ivan Branson seek dismissal of Plaintiff's claims because all such claims are barred as: (i) they fail to state a claim upon which relief can be granted; (ii) this Court is without subject matter jurisdiction to hear the matter; (iii) plaintiff has not exhausted her administrative remedies; and/or (iv) plaintiff's claims are untimely. In support of the relief sought, Defendants principally rely on the below most controlling or persuasive authority.

## Cases

*Ashcroft v. Iqbal,* 556 U.S. 662 (2009) ..................................................................... 4, 5

*Bank v. Michigan Education Assn.,* NEA, 315 Mich. App. 496 (2016) ............... 10, 11

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) ....................................................... 4

*Collins v. City of Harker Heights, Tex.,* 503 U.S. 115 (1992) ......................................... 14

*Golden v. City of Columbus,* 404 F.3d 950 (6th Cir. 2005) ............................................. 5

*Graham v. Does,* 303 Mich. App. 522  (2014) ................................................................ 25

*Graham v. Ford,* 237 Mich. App. 670  (1999) ................................................................ 20

*Hardin v. Straub,* 954 F.2d 1193 (6th Cir. 1992) .......................................................... 18

*Jones v. Powell,* 462 Mich. 329 *(2000)* ............................................................................ 6

*Mino v. Clio School District,* 255 Mich. App. 60 (2003) ........................................... 21, 22

*Saucier v. Katz,* 533 U.S. 194 (2001) ............................................................................. 19

*Seyfried v. UAW Local 1292,* No. 242566, 2004 WL 4354379
(Mich. Ct. App. March 9, 2004) ...................................................... 22, 23

*Upsher v. Grosse Pointe Public School System*, 285 F.3d 448 (6th Cir. 2002)..... 15, 16

*Vander Boegh v. EnergySolutions, Inc.,* 772 F.3d 1056 (6th Cir. 2014) ...................... 9

*Will v. Michigan Dept. of State* Police, 491 U.S. 58 (1989) ...................................... 18

## Statutes

42 U.S.C. §300j-9(i)(3)(A,B) ...................................................................... 9

M.C.L. §15.362 .......................................................................................... 11

M.C.L. §15.363(1)................................................................................. 12, 13

M.C.L. §423.10 ........................................................................................ 10

M.C.L. §423.209 ...................................................................................... 10

M.C.L. §600.5805(9) ................................................................................ 24

## Rules

Fed. R. Civ. P. 12(b)(6)............................................................................... 3

# INDEX OF AUTHORITIES

## Cases

*Adams v. Adams,* 276 Mich. App. 704 (2007) ............................................................ 12

*Arim v. Gen. Motors Corp.,* 206 Mich. App. 178 (1994) .......................................... 25

*Ashcroft v. Iqbal,* 556 U.S. 662 (2009) ................................................................... 4, 5

*Ashland, Inc. v. Oppenheimer & Co.,* 648 F.3d 461 (6th Cir. 2011) ........................... 4

*Bank v. Michigan Education Assn.,* NEA, 315 Mich. App. 496 (2016) ............... 10, 11

*Bassett v. Nat'l Collegiate Athletic Ass'n,* 528 F.3d 426 (6th Cir. 2008) ................... 4

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) ................................................ 4

*Bennett v. Detroit Police Chief,* 274 Mich. App. 307 (Mich App. 2006) ................... 6

*Campau v. Orchard Hills Psychiatric Center,*
    964 F.Supp. 507 (E.D. Mich. 1996) ................................................................... 11

*Clayton v. International Union, UAW,* 451 U.S. 679 (1981) ..................................... 10

*Collins v. City of Harker Heights, Tex.,* 503 U.S. 115 (1992) ................................... 14

*Crady v. Liberty Nat'l Bank & Trust Co. of Indiana,*
    993 F.3d 132 (7th Cir. 1993) ............................................................................... 8

*Eidson v. Tenn. Dep't of Children's Servs.,* 510 F.3d 631 (6th Cir. 2007) ................. 4

*First Am. Title Co. v. Devaugh,* 480 F.3d 438 (6th Cir. 2007) ................................... 4

*Golden v. City of Columbus,* 404 F.3d 950 (6th Cir. 2005) ........................................ 5

*Graham v. Does,* 303 Mich. App. 522 (2014) ........................................................... 25

*Graham v. Ford,* 237 Mich. App. 670 (1999) ........................................................... 20

*Hardin v. Straub*, 954 F.2d 1193 (6th Cir. 1992)........................................................ 18

*Hollins v. Atlantic Co.*, 188 F.3d 652, 662 (6th Cir. 1999)........................................ 8

*Hood v. Suffolk City Sch. Bd.*, 469 F. App'x 154 (4th Cir. 2012) .............................. 16

*HRRS, Inc. v. Wayne County Treasurer*, 279 F. Supp. 2d 846 *(E.D. Mich 2003)*........ 7

*Jones v. Powell*, 462 Mich. 329 *(2000)*....................................................................... 6

*Kent Co. Deputy Sheriffs' Ass'n v. Kent Co. Sheriff*, 463 Mich. 353 (2000) .............. 10

*King v. Zamiara*, 680 F.3d 686 (6th Cir. 2012) ........................................................... 8

*Mino v. Clio School* District, 255 Mich. App. 60 (2003)........................................ 21, 22

*Mitan v. Campbell*, 474 Mich. 21 (2005)................................................................ 24, 25

*Rockwell v. Crestwood Sch. Dist. Bd. of Ed.*, 393 Mich. 616 (1975) ......................... 10

*Saucier v. Katz*, 533 U.S. 194 (2001)........................................................................ 19

*Seyfried v. UAW Local 1292*, No. 242566, 2004 WL 4354379
     (Mich. Ct. App. March 9, 2004) ....................................................................... 22, 23

*Teadt v. Lutheran Church Missouri Synod*, 237 Mich. App. 567 (1999) .................. 21

*Upsher v. Grosse Pointe Public School System*, 285 F.3d 448 (6th Cir. 2002)..... 15, 16

*Vander Boegh v. EnergySolutions, Inc.*, 772 F.3d 1056 (6th Cir. 2014) ...................... 9

*Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989)....................................... 18

*Woodford v. Ngo*, 548 U.S. 81 (2006)........................................................................ 11

**Statutes**

42 U.S.C. §300j-9(i)(3)(A,B) ...................................................................................... 9

M.C.L. §15.362 .......................................................................................................... 11

M.C.L. §15.363(1).......................................................................................... 12, 13

M.C.L. §423.10 ...................................................................................................... 10

M.C.L. §423.209 .................................................................................................... 10

M.C.L. §600.5805(9) ............................................................................................. 24

## Rules

Fed. R. Civ. P. 12(b)(6).......................................................................................... 3

## BRIEF IN SUPPORT OF DEFENDANTS DETROIT PULBIC SCHOOLS COMMUNITY DISTRICT, FELICIA COOK AND IVAN BRANSON'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

Defendants Detroit Public Schools Community District ("DPSCD"), Felicia Cook ("Cook") and Ivan Branson ("Branson") (collectively "Defendants") respectfully request that this Court dismiss Plaintiff's Complaint because Plaintiff's claims are legally and factually insufficient. Plaintiff Katrina Brown ("Plaintiff") seeks relief under federal and state law. All of Plaintiff's claims are barred as: (i) they fail to state a claim upon which relief can be granted; (ii) this Court is without subject matter jurisdiction to hear the matter; (iii) plaintiff has not exhausted her administrative remedies; and/or (iv) plaintiff's claims are untimely.

Count I fails as a matter of law because, as discussed in binding precedent, Plaintiff has no cause of action under the Michigan Constitution against a municipality or individual municipal employees. Count I further fails because Plaintiff allegations that Defendants took adverse action against her, are insufficient. Count II fails because this Court does not have subject matter jurisdiction over Plaintiff's Safe Water Drinking Act claim. Count III fails because the Michigan Employment Relations Commission ("MERC") has exclusive jurisdiction over Plaintiff's Public Employee Relations Act ("PERA") claim. Further, Plaintiff has failed to exhaust administrative remedies as it relates to her PERA claim. Count IV fails as a matter of law because it is time barred.

1

Count V fails because the 14th Amendment does not impose an independent federal obligation on school districts to provide minimum levels of safe drinking water. Further, Plaintiff has not pled facts suggesting that Defendants intended to injure her. Finally, Branson and Cook cannot be held liable under 42 U.S.C. §1983 in their individual or official capacities – and, they are entitled to qualified immunity. Count VI is insufficient because it does not allege that Defendants' acts were sufficiently extreme or outrageous. Finally, Count VII must be dismissed because it is time barred and falls outside the one-year statute of limitations.

As such, Plaintiff's claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## **BACKGROUND**

### I.   THE PARTIES

Detroit Public Schools Community District is a school district that operates schools located in the City of Detroit ("DPSCD"). Defendant Felicia Cook serves as a Principal at John R. King Academic and Performing Arts Academy – a DPSCD school ("John R. King School"). Defendant Ivan Branson served as an Assistant Principal at John R. King School.

Plaintiff Katrina Brown is a teacher employed by DPSCD who was once assigned to John R. King School.

## II.   PLAINTIFF'S CLAIMS

Plaintiff's seven count complaint, attached as **Exhibit A**, contains salacious rhetoric designed to distract this Court from the simple fact that Plaintiff's claims are insufficient as a matter of law ("Complaint"). In her complaint, Plaintiff attempts to liken DPSCD's treatment of drinking water to that of the city of Flint. This attempted analogy has no basis in fact – and moreover is inflammatory and irresponsible.

DPSCD has not shown disregard for claims that water in school buildings have elevated levels of lead or cooper. In fact, upon receipt of any such claim – DPSCD has turned off the subject water sources, tested levels, remediated pipes (if necessary) and provided bottled water until testing showed normal levels. Plaintiff's claims to the contrary are false and reckless.

As explicated below, all of Plaintiff's claims fail as a matter of law and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## ARGUMENT

## I.   STANDARD OF REVIEW – FED. R. CIV. P. 12(b)(6)

Fed. R. Civ. P. 12(b)(6) provides authority to dismiss based upon the failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When a court is presented with a Rule 12(b)(6) motion, "it may consider the [c]omplaint and any exhibits attached thereto, public records, items appearing in the record of the case

3

and exhibits attached to the defendant's motion to dismiss, so long as they are referred to in the [c]omplaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). *See also Ashland, Inc. v. Oppenheimer & Co.*, 648 F.3d 461, 467 (6th Cir. 2011).

A court "must construe the complaint in the light most favorable to the plaintiff, accept[ing] all of the complaint's factual allegations as true." *Id.* (citation and internal quotations omitted). Yet, to survive such a motion, a plaintiff's complaint "must contain either direct or inferential allegations respecting all the material elements [of the claim] to sustain a recovery under some viable legal theory." *First Am. Title Co. v. Devaugh*, 480 F.3d 438, 444 (6th Cir. 2007) (internal quotation omitted). "Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007). Thus, a party must make "a showing, rather than a blanket assertion of entitlement to relief" and "[f]actual allegations must be enough to raise a right to relief above the speculative level" so that the claim is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 and 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Igbal*, 556 U.S. 662, 678. The plausibility standard is not a

4

probability requirement. Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Ultimately, determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

A claim must be dismissed if the legal protections invoked by a party do not provide relief for the conduct alleged in its complaint. *Golden v. City of Columbus*, 404 F.3d 950, 959 (6th Cir. 2005).

## II.    COUNT I FAILS AS A MATTER OF LAW

In Count I of Plaintiff's Complaint, Plaintiff asserts claims under both the Michigan and U.S. Constitutions. Both constitutional claims fail as a matter of law.

### A.  Michigan Constitutional Claims

Plaintiff alleges a violation of Article I, Section 5 of the Michigan Constitution at the hands of individual governmental employees Defendants Judge Steven Rhodes ("Rhodes"), Alycia Meriweather ("Meriweather"), Felicia Venable-Akinbode ("Venable-Akinbode"), Matthew Sam ("Sam"), Dr. Sherrell Hobbs ("Hobbs"), Cook, Branson, Georgina Tait ("Tait") and John Does 1-5 ("Does"). Complaint at ¶¶90-97. Article 1, Section 5 of the Michigan Constitution provides: "[e]very person may freely speak, write, express and publish his views on all subjects, being responsible

5

for the abuse of such right; and no law shall be enacted to restrain or abridge the liberty of speech or of the press."

The Michigan Supreme Court has clearly enunciated that plaintiffs may not pursue damages against individual defendants on claims arising under the Michigan State Constitution when remedies would be available to a plaintiff for violations of federal constitutional rights pursuant to 42 U.S.C. §1983. *Jones v. Powell*, 462 Mich. 329, 335-36; 612 N.W. 2d 423 (2000). *See also Bennett v. Detroit Police Chief*, 274 Mich. App. 307, 315 n.3; 732 N.W.2d 164 (2006) (citing *Jones* and recognizing that "our Supreme Court has held that there is no cause of action for damages against entities other than the state for a violation of state constitutional rights.")

In the *Jones* case, the plaintiff filed suit against individual police officers, seeking damages claiming violation of her rights under the Michigan Constitution. As to defendant police officer Powell, the jury found in plaintiff's favor. The Court of Appeals reversed the jury's finding. *Jones*, 462 Mich. 329, 333. The Michigan Supreme Court upheld the Court of Appeals' reversal concluding that "there is no support for inferring a damage remedy for a violation of the Michigan Constitution in an action against a municipality or an individual government employee. *Id.* at 335.

Here, Plaintiff has not brought Count I against the State of Michigan, but rather has sued individual officials for alleged violations of her rights to free speech and association. As this suit is not against the state and because avenues of relief are

6

available to obtain damages from officials, under *Jones*, "Plaintiff's state constitutional damages claims are barred." *HRSS, Inc. v. Wayne County Treasurer*, 279 F.Supp 2d 846, 851 (E.D. Mich. 2003).

Based on the above, Plaintiff's Michigan Constitutional claim must fail.

## B. U.S. Constitutional Claims

In Count I, Plaintiff also alleges a violation of her right to freedom of speech and association under the First Amendment to the U.S. Constitution and 42 U.S.C. §1983.

In order to establish a claim for relief pursuant to 42 U.S.C. §1983 with respect to a First Amendment retaliation action, a plaintiff must show that: (i) the plaintiff participated in protected conduct; (ii) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and that (iii) there is a causal connection between the first two elements, whereby the adverse action was motivated in substantial part by the desire to punish the plaintiff for exercising a constitutional right. *King v. Zamiara*, 680 F.3d 686, 694-695 (6th Cir. 2012). If a plaintiff establishes these elements, the burden of persuasion shifts to the defendant to show, by a preponderance of the evidence, that it would have made the same decision even had the plaintiff not engaged in the protected conduct. *Id.* at 694.

7

Even assuming *arguendo* that Plaintiff can satisfy the first element (*i.e.*, that she participated in protected conduct), plaintiff's First Amendment retaliation claim must fail as a matter of law because none of the alleged actions by defendants Cook or Branson rises to the level of an "adverse employment action."

Plaintiff claims that defendants Cook and Branson took adverse employment actions against her in the form of: (i) an oral and written reprimand; (ii) an email declaring she was fired; (iii) a low performance rating; (iv) a phone call about an involuntary transfer; and (v) being reassigned to teach elementary school instead of middle school.  Complaint at ¶¶6, 69, 74, 54, 49, 48, 66.

The requirements for establishing an adverse employment action have been explained as: "[A] materially adverse change in the terms and conditions of employment must be more disruptive than a mere inconvenience or an alteration of job responsibilities.  A materially adverse change might be indicated by a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation." *Hollins v. Atlantic Co.*, 188 F.3d 652, 662 (6th Cir. 1999) (*quoting Crady v. Liberty Nat'l Bank & Trust Co. of Indiana*, 993 F.2d 132, 136 (7th Cir. 1993))

In the instant case, plaintiff was not fired or demoted, nor does she allege that either occurred.  Furthermore, she does not allege that her salary decreased, her title

8

of teacher changed, or she lost any benefits. Additionally, being assigned to teach a different grade (for which Plaintiff is certified) is clearly an alteration of job responsibilities and does not amount to an adverse employment action. For these reasons, Plaintiff has failed to establish a First Amendment retaliation claim against any of the Defendants.

## III. COUNT II MUST BE DISMISSED IN ITS ENTIRETY

In Count II, Plaintiff claims she was retaliated against in violation of the Safe Water Drinking Act, 42 U.S.C. §300j-9(i) ("SWDA"). This Court lacks subject-matter jurisdiction over Plaintiff's SWDA retaliation claim.

A claimant may not bring a claim under the retaliation provisions of the SWDA directly in federal district court. *Vander Boegh v. EnergySolutions, Inc.*, 772 F.2d 1056, 1065 (6th Cir. 2014). Instead, a plaintiff must seek administrative review in the U.S. Department of Labor, followed by judicial review of a final agency order in the Court of Appeals. 42 U.S.C. §300j-9(i)(3)(A,B); *Vander Boegh*, 772 F.3d 1056, 1068. For these reasons, Count II of Plaintiff's Complaint must be dismissed in its entirety.

## IV. PLAINTIFF'S EMPLOYMENT CLAIMS IN COUNTS III AND IV ARE LEGALLY AND FACTUALLY INSUFFICIENT

### A. Plaintiff's PERA Claim Is Not Plausible Because MERC Has Exclusive Jurisdiction Over PERA Claims And Plaintiff Has Failed To Exhaust Her Administrative Remedies

9

Count III of Plaintiff's Complaint alleges that DPSCD, Rhodes, Meriweather, Venable-Akinbode, Sam, Hobbs, Cook, Branson, Tait and Does 1-5 violated PERA by: (i) committing acts of harassment and intimidation; (ii) not recognizing Plaintiff as her co-workers' (union) representative; (iii) interfering with a union election; (iv) involuntarily transferring her out of John R. King School; and (v) fostering a hostile work environment.  Complaint at ¶108.  PERA protects the rights and privileges of public employees to unionize and engage in union activities.  M.C.L. §423.209. PERA also prohibits employers from interfering with public employees' rights to unionize and engage in protected activities. M.C.L. §423.10.

MERC has **exclusive** jurisdiction to hear cases involving PERA.  *Bank v. Michigan Education Assn., NEA*, 315 Mich. App. 496, 502; 892 N.W.2d 1 (2016) (**emphasis added**), citing *Rockwell v. Crestwood Sch. Dist. Bd. of Ed.*, 393 Mich. 616, 630; 227 N.W.2d 736 (1975) (PERA governs public-sector labor relations and MERC alone has jurisdiction and administrative expertise to entertain and reconcile competing allegations of unfair labor practices and misconduct under the PERA). *See also Kent Co. Deputy Sheriffs' Ass'n v. Kent Co. Sheriff,* 463 Mich. 353; 616 N.W.2d 677 (2000).

Here, Plaintiff filed a matter in MERC that is identical to the PERA claim she now asserts in Count III.  *See* Katrina Brown MERC Filing, attached as **Exhibit B**. Plaintiff's MERC claim is still pending.  As such, Plaintiff should not have pled her

PERA claim in the instant lawsuit because MERC alone has jurisdiction. *Bank supra* at 502.   Also, Plaintiff has not filed a grievance through her union related to the claims raised in Count III. *Clayton v. International Union, UAW*, 451 U.S. 679, 692-96 (1981) (exhaustion of internal union remedies is generally required before a union member can sue his employer for breach of a collective bargaining agreement or his union for breach of the duty of fair representation).   Accordingly, Plaintiff has not exhausted her administrative remedies and has shown complete disregard for judicial efficiencies.   *Woodford v. Ngo*, 548 U.S. 81, 88 (2006) (exhaustion protects administrative agency's authority and promotes efficiency).

Because Plaintiff has failed to exhaust her administrative remedies, dismissal of Count III is proper pursuant to Fed. R. Civ. P. 12(b)(6). *Campau v. Orchard Hills Psychiatric Center*, 964 F. Supp. 507, 510 (E.D. Mich.  1996).

### B.  Plaintiff's Whistleblower Claim Must Be Dismissed Because It Is Untimely and Outside of 90-Day Limitation

Plaintiff alleges in Count IV of her complaint that DPSCD, Rhodes, Meriweather, Venable-Akinbode, Sam, Hobbs, Cook, Branson Tait and Does 1-5 violated the Michigan Whistleblowers' Protection Act ("WPA").   The WPA provides that an employer shall not discharge or otherwise retaliate against an employee because the employee "reports or is about to report a violation or a suspected violation of a law or regulation" or because "an employee is requested by a public body to participate in an investigation, hearing, or inquiry held by that public body." MCL §15.362.

11

The WPA imposes a 90–day limitations period for a civil action arising from a violation of the act. MCL §15.363(1). In determining whether a statute of limitations applies, a court looks to the true nature of a complaint, reading the complaint as a whole and looking beyond the parties' labels to determine the exact nature of the claim. *Adams v. Adams*, 276 Mich. App. 704, 710–711; 742 N.W.2d 399 (2007).

In the instant matter, Plaintiff alleges that as a result of the following complaints and/or reporting, Defendants unlawfully retaliated against her in violation of the WPA:

| DATE | ALLEGED COMPLAINTS | ALLEGED RETALIATION RESULTING FROM COMPLAINTS |
|---|---|---|
| Spring 2016 | Plaintiff complains that children are suffering in oppressive overcrowded classrooms without air conditioning and the school failed to provide adequate bottled water after shutting off water due to dangerous and toxic level of copper in its drinking water. Complaint at ¶4. | May 27, 2016 - Cook rated Plaintiff "minimally effective" on her evaluation. Previously Plaintiff had been rated "highly effective." Complaint at ¶49. |
| 5/31/16 | Plaintiff filed a whistleblower report with the Michigan Office of Safety and Health Administration ("MIOSHA"). Complaint at ¶75. | Plaintiff was transferred to, Ronald Brown Academy ("RBA") a school that also had dangerous levels of toxins in the water. Complaint at ¶¶ 6 and 48. |
| 6/7/16 | Plaintiff sends an email complaining about her concern for the children to Cook's supervisor, Hobbs. Complaint at ¶ 53. | Within an hour of Plaintiff sending the email to Hobbs on June 7, 2016, Branson sends an email to Plaintiff stating |

12

| | | |
|---|---|---|
| | | that Plaintiff is fired for selling food to the students. Complaint at ¶54. |
| Fall 2016 | Plaintiff contacts MIOSHA and the Environmental Protection Agency to test the school water, despite DPSCD's announcement that all water is safe and drinkable. Complaint at ¶¶5 and 75. | After making her Fall 2016 complaint, Plaintiff is reprimanded by Cook before the entire staff and transferred to RBA, a school located on the other side of the city. While at RBA, Tait threatened Plaintiff. Complaint at ¶¶ 6, 76 and 78. |
| October 2016 | Plaintiff took a medical leave and remained on leave until July 2017 due to Defendants actions which caused her severe and emotional distress. Complaint at ¶80. | |

A review of the above timeline establishes that Plaintiff's claim under the WPA is untimely because: (i) her complaints/reporting occurred between May and September 2016; (ii) the alleged threats and discrimination in retaliation to her complaints occurred between May and October 2016; and (iii) Plaintiff did not file this lawsuit until September 22, 2017 - almost one year after her complaints/reports and her experiencing alleged adverse actions. Plaintiff's September 22, 2017 filing is more than 90 days after the alleged retaliation. As such, Plaintiff's WPA claim is untimely and fails as a matter of law. M.C.L. §15.363(1).

13

## V.   PLAINTIFF'S SUBSTANTIVE DUE PROCESS CLAIM IN COUNT V FAILS TO STATE A CLAIM

In Count V, Plaintiff relies on 42 U.S.C. §1983 and alleges that DPSCD, Duggan, Rhodes, Meriweather, Venable-Akinbode, Sam, Hobbs, Cook and Branson violated her right to bodily integrity under the Fourteenth Amendment by providing her with contaminated water in August and September 2016 and "causing her to consume that water" and "expos[ing] her to a foreseeable risk of harm." Complaint at ¶117. Plaintiff seeks to assert a substantive due process claim under the Fourteenth Amendment.

To state a viable claim under 42 U.S.C. §1983, a plaintiff must produce evidence that: (i) they were deprived of a right, privilege or immunity secured by the federal Constitution or law of the United States; and (ii) the deprivation was caused by a person while acting under the color of state law. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120; 112 S.Ct. 1061; 117 L.Ed. 2d 261 (1992). Plaintiff has failed to allege the deprivation of such a right.

First, to the extent Plaintiff is basing her substantive due process claim on an alleged failure to provide her safe drinking water, the Fourteenth Amendment "does not impose an independent federal obligation upon municipalities to provide certain minimal levels of safety and security in the workplace." *Id.* In *Collins*, the plaintiff's decedent was a city sanitation employee who suffocated when he entered a manhole to work on a sewer line. The plaintiff alleged that the city was deliberately

14

indifferent to workers' safety by failing to train them, warn them about known risks or provide proper equipment. The plaintiff claimed that the city violated her decedent's Fourteenth Amendment rights because "the Federal Constitution imposes a duty on the city to provide its employees with minimal levels of safety and security in the workplace, or [because] the city's 'deliberate indifference' to [decedent's] safety was arbitrary government action that must 'shock the conscience' of federal judges." *Id.* at 126. In rejecting this claim, the Supreme Court stated:

[n]either the text nor the history of the Due Process Clause supports petitioner's claim that the governmental employer's duty to provide its employees with a safe working environment is a substantive component of the Due Process Clause . . . . The Clause is phrased as a limitation on the State's power to act, not as a guarantee of certain minimal levels of safety and security.

*Id.*

Accordingly, to the extent Plaintiff is basing her substantive due process claim on an alleged failure to provide her with safe drinking water, that claim has no support under the Fourteenth Amendment and must be dismissed.

Plaintiff also fails to state a substantive due process claim under the standard set forth in *Upsher v. Grosse Pointe Public School System*, 285 F.3d 448, 450 (6th Cir. 2002). In the employment setting "in order to succeed on a §1983 claim in a

15

non-custodial setting, a plaintiff must prove either intentional injury or 'arbitrary conduct intentionally designed to punish someone (*e.g.,* giving a worker a particularly dangerous assignment in retaliation for a political speech) . . . or because of his or her gender.'" *Upsher*, 285 F.3d at 453.   Or, a plaintiff must prove "conscience shocking" behavior. *Id.*

In *Upsher*, after a contractor refused to rip up carpet from asbestos tile because of the danger from the asbestos, a school district decided to use its custodians to do the work instead, with virtually no safety precautions.   The custodians were massively exposed to friable asbestos and sued the school district under §1983 for substantive due process violations.

Before upholding summary judgment for the school district, the court noted the importance of first looking at the complaint to determine whether the plaintiffs, as an initial matter, had sufficiently alleged a willful violation.   In concluding that they had, the court focused on the plaintiffs' allegation that the defendants, ". . . in ordering the plaintiffs to remove the asbestos-containing materials, caused injury to the plaintiffs which was 'willful, wanton, malicious and demonstrated complete, utter and reckless disregard for [their] health and safety. . . .'" *Id.* at 452.

*Upsher, supra,* requires the pleading of facts on which it could reasonably be concluded, at a minimum, that Defendants "engaged in arbitrary conduct intentionally designed to punish the [employees]." *See also Hood v. Suffolk City Sch.*

16

*Bd.* 469 F. App'x 154, 159 (4th Cir. 2012), unpublished opinion attached as **Exhibit C**. In *Hood*, the appellate court affirmed dismissal of a school employee's claims for deprivation of bodily integrity despite the school board's knowledge of dangerous conditions caused by excessive mold and bacteria growth. The court rejected an argument that defendants engaged in deliberate acts that violated plaintiff's right to bodily integrity, or acted with deliberate indifference to that right.

In this case, Plaintiff has not met the *Upsher* pleading standard and has failed to plead sufficient factual content that allows this Court to draw the reasonable inference that Defendants could be found liable for a substantive due process violation. Specifically, there are no facts on which this Court can reasonably infer that the Defendants: (i) intended to injure Plaintiff; (ii) engaged in arbitrary conduct intentionally designed to punish Plaintiff; or (iii) engaged in conscience shocking behavior.

In fact, Plaintiff alleges facts that run counter to that which is required to be pled. Plaintiff alleges that in April 2016, Defendant DPSCD upon first learning of the elevated lead and copper levels, turned the water off at her school. Complaint at ¶36. Plaintiff further alleges that in late August 2016, Defendants turned the water back on after DPSCD had replaced the white faucet fixtures with new silver fixtures. Complaint at ¶¶63 and 73. Plaintiff alleges that two weeks later, on September 19, 2016, in response to her initiative and investigation, DPSCD "shut off the water"

17

again. *See* Complaint at ¶72. Plaintiff fails to allege that any Defendant ordered her to drink water known to be contaminated or otherwise directed her to engage in any conduct that would cause her harm. Plaintiff fails to allege facts on which it could reasonably be concluded that any Defendant intentionally provided her water which any Defendant knew was contaminated. Nor does Plaintiff allege any facts which would allow this Court to reasonably conclude that any Defendant arbitrarily failed to provide Plaintiff drinking water with the intent to punish her.

## A. Both the Individual Capacity and Official Capacity Claims Against Cook and Branson Should Be Dismissed

As to Cook and Branson, both the official capacity claim and the individual capacity claims should be dismissed. A suit against an officer in his official capacity is tantamount to a suit against the governmental entity employing the officer, and is properly dismissed. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 68; 109 S.Ct. 2304; 105 L.Ed. 2d 45 (1989). As to the individual capacity claims, Plaintiff fails to sufficiently plead that either Cook or Branson were personally involved in any manner in the alleged unconstitutional conduct. A defendant cannot be held liable under 42 U.S.C. §1983 absent a showing that the defendant was personally involved in some manner in the unconstitutional conduct. *Hardin v. Straub*, 954 F.2d 1193, 1196 (6th Cir. 1992). Plaintiff fails to make such a showing.

18

## B.    Cook and Branson Are Entitled to Qualified Immunity

Even if this Court determines that Plaintiff has pled with sufficient particularity as to Cook and/or Branson, Cook and Branson are still entitled to qualified immunity in their individual capacities.   Qualified immunity prevents government officials from being held liable if: (i) the official did not violate any constitutional guarantees; or (ii) the guarantee, even if violated, was not "clearly established" at the time of the alleged misconduct.   When a defendant raises a defense of qualified immunity, the plaintiff bears the burden of demonstrating that the defendant is not entitled to qualified immunity. *Saucier v. Katz*, 533 U.S. 194, 201; 121 S.Ct. 2151; 150 L.Ed. 2d 272 (2001).   Qualified immunity is only denied to the plainly incompetent or those who knowingly violate the law.   The "dispositive inquiry . . . is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier*, 533 U.S. 194, 202.

Here, Plaintiff has failed to plead facts in avoidance of Cook and Branson's entitlement to qualified immunity, and will be unable to meet her burden to prove that it is not available to these Defendants.

Based on the foregoing, Plaintiff's substantive due process-bodily integrity claims should be dismissed with prejudice as to all Defendants.

19

## VI.   PLAINTIFF'S COUNT VI FAILS TO STATE A CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

In Count VI of the Complaint, Plaintiff asserts a claim of intentional infliction of emotional distress against Duggan, Rhodes, Meriweather, Venable-Akinbode, Sam, Hobbs, Cook, Branson, Tait and Does 1-5.   To establish a claim of intentional infliction of emotional distress, a plaintiff must show: (i) extreme and outrageous conduct; (ii) intent or recklessness; (iii) causation; and (iv) severe emotional distress. *Graham v. Ford*, 237 Mich. App. 670, 674; 604 N.W.2d 713 (1999).  In *Graham*, the court opined that:

> Liability . . . has been found only where the conduct complained of has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community. . . . It is not enough that the defendant has acted with an intent that is tortious or even criminal, . . . or even that his conduct has been characterized by "malice," or a degree of aggravation that would entitle the plaintiff to punitive damages for another tort. . . . The test is whether . . . an average member of the community would . . . claim, "Outrageous!"

*Id.* at 674-675. It is initially for the trial court to determine whether the defendant's conduct may reasonably be regarded as so extreme and outrageous to permit

20

recovery. *Teadt v. Lutheran Church Missouri Synod*, 237 Mich. App. 567, 582; 603 N.W.2d 816 (1999).

In this case, the specific allegations against Cook (the Principal), are clearly insufficient. Plaintiff alleges that Cook: (i) informed Plaintiff that Cook was looking for a new school for Plaintiff, and that Plaintiff should be ready to teach at a new school; (ii) gave her a "subpar rating of 78.2 percent which is considered minimally effective;" (iii) sent a letter of reprimand to her falsely alleging a violation of work rules; (iv) "castigated" Plaintiff in a school staff meeting for reporting DPSCD's actions endangering the children's health and DPSCD's violations of safety laws; and (v) transferred her from teaching science to middle school students to teach fourth graders though Plaintiff had never taught fourth graders. Complaint at ¶¶ 48, 69, 74 and 66.

As to Branson (Assistant Principal) the specific allegations are also insufficient. Plaintiff alleges that Branson: (i) e-mailed Plaintiff stating "you're fired" and made false accusations about selling food to her students; (ii) summoned Plaintiff to a meeting and in the presence of co-workers told her he had canvassed teachers and demanded to know whether they had voted for Plaintiff as building representative, and demanded Brown provide "proof" that she was elected the building representative, and told her to ask her union to produce to Branson the nomination form and the ballots thereby amounting to illegal interference in a union

21

election; (iii) deceived Plaintiff into signing an acknowledgment that she had read a new "Agreement of Work Rules 2016-2017" and asked her to back-date the form, and thereafter used this "fraudulently obtained signature against Plaintiff." Complaint at ¶¶54, 65 and 67.

Case law establishes that the alleged conduct by Cook and Branson does not rise to the level of outrageousness required to state a claim. *Mino v. Clio School District*, 255 Mich. App. 60, 80; 661 N.W.2d 586 (2003). *See also Seyfried v. UAW Local 1292*, No. 242566, 2004 WL 435379, at*4 (Mich. Ct. App. March 9, 2004), unpublished opinion attached as **Exhibit D.**

In *Mino, supra,* the Plaintiff (a former superintendent) argued that defendants (assistant superintendent, school board member and school public relations director) had spread "scandalous falsehoods and rumors" about him. The court held that the defendants' conduct was not extreme and outrageous and Plaintiff failed to identify the challenged conduct in the Complaint. *Mino,* 255 Mich. App. 60, 80. In *Seyfried,* the plaintiff was a union representative and defendant Phelps was chairman of the shop committee. The court affirmed the entry of judgment notwithstanding the verdict, following a verdict in favor of the plaintiff on an intentional infliction of emotional distress claim.

In reliance on *Graham, supra,* the *Seyfried* court rejected the following conduct as sufficiently outrageous: "(1) entering plaintiff's office upset pounding his

22

fists and knocking over things when Phelps heard plaintiff was 'bad mouthing' the contract, (2) drove by plaintiff's house three times, (3) hollering at plaintiff, (4) threatening to go to labor relations, (5) sending a letter to plaintiff's home regarding discipline; and (6) approached plaintiff and when plaintiff told Phelps he was in violation of the personal protection order, Phelps' responded 'what are you going to do, have me arrested.'  Each of these listed actions are no more than, and can be categorized as, mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Seyfried*, 2004 WL 435379 at\*4.  The court concluded that "[t]his alleged conduct by defendant does not rise to the level required to sustain an intentional infliction of emotional distress claim.  Several of the challenged instances of harassing conduct were based on conduct that was within Phelps' authority as shop chairperson. The evidence reflects a protracted period of employment tension and hostility between co-employees. Although the challenged conduct of Phelps is aggressive and intimidating and may have frightened plaintiff, it is not 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community.'" *Id.*

Under the above authorities, the alleged conduct in the instant matter either fell under the authority of Cook and Branson as Principal and Assistant Principal, or were aggressive and intimidating, but not sufficiently outrageous to state a claim.

23

Accordingly, Plaintiff's Count VI for Intentional Infliction of Emotional Distress should be dismissed with prejudice.

## VII. PLAINTIFF'S COUNT VII FAILS TO STATE A CLAIM FOR DEFAMATION AGAINST COOK

In Count VII, Plaintiff alleges that Cook defamed her by giving Plaintiff "an end of the year evaluation of minimally effective" and further alleging that "this rating was unreasonable, departed from previous ratings without any basis, and was in retaliation for Plaintiff's lawful concerted activities." Compliant at ¶127. Cook gave Plaintiff this rating on "May 27, 2016." Complaint at ¶49.

The period of limitations for defamation, however, is one year. MCL 600.5805 (9). And, the claim accrues when the wrong upon which the claim is based was done regardless of when damage results. *Mitan v. Campbell*, 474 Mich. 21, 24; 706 N.W. 2d 420 (2005).

Here, the alleged defamatory statement occurred on May 27, 2016. As such, Plaintiff would have had to file a claim by no later than May 27, 2017. However, the Complaint was not filed until September 7, 2017 – over 3 months after the statute of limitations had expired. Accordingly, Plaintiffs defamation claim should be dismissed with prejudice. Moreover, even if the claim was timely (which it is not), Plaintiff still fails to state a claim for defamation.

The elements of a defamation claim are: (i) a false and defamatory statement concerning the plaintiff; (ii) an unprivileged communication to a third party; (iii) fault

24

amounting at least to negligence on the part of the publisher; and (iv) either actionability of the statement irrespective of special harm (defamation per se) or the existence of special harm caused by publication. *Mitan* at 24. Plaintiff has failed to allege a defamatory statement, and has failed to allege an unprivileged communication to a third party. *See Arim v. Gen. Motors Corp.*, 206 Mich. App. 178, 197-198; 520 N.W. 2d 695 (1994). To be considered defamatory, statements must assert facts "provable as false." *Graham v. Does*, 303 Mich. App. 522, 545; 845 N.W.2d 128 (2014). Plaintiff cannot prove, that Cook made a false statement when she rated her "minimally effective" over a year ago. Additionally, a reasonable jury could not find that a rating of "minimally effective" and "78.2" would harm Plaintiff's reputation as to lower her in the estimation of the community or deter third persons from associating or dealing with her. Finally, Plaintiff fails to allege an unprivileged communication to a third party. Accordingly, Plaintiff's defamation claim should be dismissed with prejudice.

## CONCLUSION

For all of the foregoing reasons, Plaintiff's Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully Submitted,

By: /s/ Rebecca Shaw-Hicks
Rebecca Shaw-Hicks (P40732)

Dated: October 20, 2017

25

## CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2017, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

Respectfully Submitted by:

DETROIT PUBLIC SCHOOLS
COMMUNITY DISTRICT
OFFICE OF GENERAL COUNSEL

/s/ Rebecca Shaw-Hicks
Rebecca Shaw-Hicks (P40732)
rebecca.hicks@detroitk12.org
Theophilus E. Clemons (P47991)
theophilus.clemons@detroitk12.org
Phyllis Hurks-Hill (P48809)
phyllis.hurks-hill@detroitk12.org
Jenice C. Mitchell Ford (P61511)
jenice.mitchellford@detroitk12.org
3011 West Grand Boulevard, Suite 1002
Detroit, Michigan 48202
(313) 873-4528 (Telephone)
(313) 873-4564 (Facsimile)
*Counsel for Defendants Detroit Public Schools
Community District, Felicia Cook and Ivan
Branson*
