UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATRINA BROWN,

      Plaintiff,

vs.

DETROIT PUBLIC SCHOOLS
COMMUNITY DISTRICT, et al.,

      Defendants.

_____/

Civil Action No. 17-CV-12936

HON. BERNARD A. FRIEDMAN

**OPINION AND ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**

This matter is presently before the Court on (1) defendant Duggan's motion to dismiss [docket entry 7], and (2) the motion of defendants Detroit Public Schools Community District ("DPSCD"), Cook, and Branson to dismiss [docket entry 13]. Plaintiff has not responded to either motion and the time for her to do so has expired.[1] Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide both motions without a hearing.

Plaintiff, a former teacher employed by DPSCD, alleges that defendants transferred her to another school and otherwise harassed, reprimanded, and retaliated against her when she complained that the water in the schools where she taught contained unsafe levels of lead and copper and that defendants were not testing the water or taking measures to make the water safe. She alleges that defendants' harassment and retaliation "have caused her to become ill and have forced her to withdraw from work." Compl. ¶¶ 3, 7. Plaintiff is suing DPSCD, Detroit mayor Mike Duggan, DPSCD emergency manager Steven Rhodes, DPSCD superintendent Alycia Meriweather,

_____

[1] Both motions were filed on October 20, 2017. Under E.D. Mich. LR 7.1(e)(1)(B), plaintiff had 21 days to respond, i.e., until November 10, 2017. As of the date of this opinion, plaintiff had neither responded nor asked for additional time to respond.

DPSCD director of environmental health and safety Felicia Venable-Akinbode, DPSCD director of air/water quality management Mathew Sam, DPSCD assistant superintendent Sherrell Hobbs, John R. King principal Felicia Cook, John R. King assistant principal Ivan Branson, and Ronald Brown Academy principal Georgina Tait. *Id.* ¶¶ 15-24.  Plaintiff asserts claims for retaliation for exercising speech and associational rights (Count One), retaliation in violation of the Safe Drinking Water Act (Count Two), violation of the Public Employment Relations Act ("PERA") (Count Three), violation of the Whistleblowers' Protection Act (Count Four), violation of her substantive due process rights (Count Five), intentional infliction of emotional distress (Count Six), and defamation (Count Seven).

Defendant Duggan, who is named in Counts One, Five, and Six, seeks dismissal on various grounds.  Duggan argues, among other things, that the complaint fails to allege facts sufficient to state a constitutional claim against him and that he is entitled to absolute immunity from the tort claim.  Defendants DPSCD, Cook, and Branson, who are named in all counts, argue that all of plaintiff's claims fails as to them because the factual allegations are not sufficiently detailed or specific, that the Michigan Constitution cannot form the legal basis for Count One, that plaintiff has failed to exhaust her administrative remedies under PERA, that the whistleblower and defamation claims are time-barred, that plaintiff's substantive due process rights do not include a right to safe drinking water, and because defendants are entitled to qualified immunity as to the federal claims.

The Court finds all of defendants' arguments persuasive and shall dismiss the complaint as to these defendants for the reasons defendants urge.  Plaintiff presumably concedes the strength of defendants' arguments, as she has neither responded to their motions to dismiss nor sought additional time within which to do so.  Accordingly,

IT IS ORDERED that defendant Duggan's motion to dismiss is granted.

IT IS FURTHER ORDERED that the motion of defendants DPSCD, Cook, and Branson to dismiss is granted.

S/ Bernard A. Friedman_____
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

Dated: November 27, 2017
      Detroit, Michigan