**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KATRINA BROWN,

      Plaintiff,

v.

DETROIT PUBLIC SCHOOLS
COMMUNITY DISTRICT, MAYOR
MIKE DUGGAN, JUDGE STEVEN
RHODES, ALYCIA
MERIWEATHER, FELICIA
VENABLE-AKINBODE, MATHEW
SAM, DR. SHERRELL HOBBS,
FELICIA COOK, IVAN BRANSON,
GEORGINA TAIT, and DOES 1-5,

      Defendants.

Case No.:  2-17-cv-12936

Hon. Bernard Friedman

Magistrate Judge David R. Grand

**BRIEF IN SUPPORT OF
DEFENDANTS ALYCIA
MERIWEATHER AND FELICIA
VENABLE-AKINBODE'S
MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P.
12(b)(6)**

| | |
|---|---|
| UNITED for EQUALITY and AFFIRMATIVE ACTION LEGAL DEFENSE FUND<br>Shanta Driver (P65007)<br>shanta.driver@ueaa.net<br>Monica Smith (P73439)<br>monica.smith@ueaa.net<br>19526-B Cranboork Drive<br>Detroit, Michigan 48221<br>(313) 585-3637 (Telephone)<br>(248) 355-5148 (Facsimile)<br>*Counsel for Plaintiff* | DETROIT PUBLIC SCHOOLS COMMUNITY DISTRCT<br>OFFICE OF GENERAL COUNSEL<br>Rebecca Shaw-Hicks (P40732)<br>rebecca.hicks@detroitk12.org<br>Theophilus E. Clemons (P47991)<br>theophilus.clemons@detroitk12.org<br>Phyllis Hurks-Hill (P48809)<br>phyllis.hurks-hill@detroitk12.org<br>Jenice C. Mitchell Ford (P61511)<br>jenice.mitchellford@detroitk12.org<br>3011 West Grand Boulevard, Ste 1002<br>Detroit, Michigan 48202<br>(313) 873-4528 (Telephone)<br>(313) 873-4564 (Facsimile)<br>*Counsel for Defendants DPSCD, Felicia Cook, Ivan Branson, Alycia Meriweather and Felicia Venable-Akinbode* |

# TABLE OF CONTENTS

**Page**

STATEMENT OF ISSUES PRESENTED ...........................................................iv

CONCISE STATEMENT OF REASONS AND CONTROLLING AUTHORITY
SUPPORTING MOTION.......................................................................................v

INDEX OF AUTHORITIES...............................................................................vii

BRIEF IN SUPPORT OF DEFENDANTS ALYCIA MERIWEATHER AND
FELICIA VENABLE-AKINBODE'S MOTION TO DISMISS PURSUANT TO
FED. R. CIV. P. 12(b)(6)........................................................................................1

BACKGROUND.....................................................................................................2

    I.    The Parties.................................................................................................2

    II.    Plaintiff's Claims.....................................................................................2

ARGUMENT ..........................................................................................................3

    I.    Standard of Review – Fed. R. Civ. P. 12(b)(6)....................................3

    II.    Count I Fails As A Matter Of Law.........................................................5

        A.    Michigan Constitutional Claims ................................................5

        B.    U.S. Constitutional Claims ........................................................7

    III.    Count II Must Be Dismissed In Its Entirety ......................................9

    IV.    Plaintiff's Employment Claims In Counts III and IV Are Legally And
    Factually Insufficient.............................................................................9

        A.    Plaintiff's PERA Claim Is Not Plausible Because MERC Has
        Exclusive Jurisdiction Over PERA Claims And Plaintiff Has
        Failed To Exhaust Her Administrative Remedies ....................9

        B.    Plaintiff's Whistleblower Claim Must Be Dismissed Because It
        Is Untimely and Outside 90-Day Limitation ..........................11

V.      Plaintiff's Substantive Due Process Claim In Count V Fails To State A Claim ......................................................................................13

      A.      Both the Individual Capacity and Official Capacity Claims ........... Against Meriweather and Venable-Akinbode Should Be Dismissed ................................................................................18

      B.      Meriweather and Venable-Akinbode Are Entitled To Qualified Immunity ................................................................................18

VI.     Plaintiff's Count VI Fails To State A Claim For Intentional Infliction of Emotional Distress ....................................................................19

CONCLUSION ..............................................................................................23

iii

## STATEMENT OF ISSUES PRESENTED

I.  Should Plaintiff's Claims Be Dismissed For Failure To State A Claim Pursuant To Fed. R. Civ. P. 12(b)(6)?

> Defendants Alycia Meriweather and Felicia Venable-Akinbode answer "Yes."

> Plaintiff answers "No."

## CONCISE STATEMENT OF REASONS AND CONTROLLING AUTHORITY SUPPORTING MOTION

Defendants Alycia Meriweather and Felicia Venable-Akinbode seek dismissal of Plaintiff's claims because all such claims are barred as: (i) they fail to state a claim upon which relief can be granted; (ii) this Court is without subject matter jurisdiction to hear the matter; (iii) plaintiff has not exhausted her administrative remedies; and/or (iv) plaintiff's claims are untimely.   In support of the relief sought, Defendants principally rely on the below most controlling or persuasive authority.

### Cases

*Ashcroft v. Iqbal,* 556 U.S. 662 (2009) .......................................................4, 5

*Bank v. Michigan Education Assn.,* NEA, 315 Mich. App. 496 (2016).................... 10

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) .................................................. 4

*Collins v. City of Harker Heights, Tex.,* 503 U.S. 115 (1992) .................................. 14

*Golden v. City of Columbus*, 404 F.3d 950 (6th Cir. 2005) ......................................... 5

*Graham v. Does*, 303 Mich. App. 522  (2014) ......................................................... 25

*Graham v. Ford*, 237 Mich. App. 670  (1999) ......................................................... 20

*Hardin v. Straub*, 954 F.2d 1193 (6th Cir. 1992) ...................................................... 18

*Jones v. Powell,* 462 Mich. 329 *(2000)* ......................................................... 6

*Mino v. Clio School District*, 255 Mich. App. 60 (2003).......................................... 21

*Saucier v. Katz*, 533 U.S. 194 (2001)..................................................................... 19

*Seyfried v. UAW Local 1292,* No. 242566, 2004 WL 4354379
(Mich. Ct. App. March 9, 2004) ....................................................................21, 22

*Upsher v. Grosse Pointe Public School System*, 285 F.3d 448 (6th Cir. 2002).....15, 16

*Vander Boegh v. EnergySolutions, Inc.,* 772 F.3d 1056 (6th Cir. 2014) ...................... 9

*Will v. Michigan Dept. of State* Police, 491 U.S. 58 (1989) ..................................... 18

**Statutes**

42 U.S.C. §300j-9(i)(3)(A,B) ....................................................................... 9

M.C.L. §15.362 .......................................................................................... 11

M.C.L. §15.363(1)....................................................................................11, 13

M.C.L. §423.10 ........................................................................................ 10

M.C.L. §423.209 ........................................................................................ 9

M.C.L. §600.5805(9) ................................................................................... 24

**Rules**

Fed. R. Civ. P. 12(b)(6) ............................................................................... 3

# INDEX OF AUTHORITIES

## Cases

*Adams v. Adams,* 276 Mich. App. 704 (2007) ....................................................11, 12

*Ashcroft v. Iqbal,* 556 U.S. 662 (2009) ................................................................4, 5

*Ashland, Inc. v. Oppenheimer & Co.*, 648 F.3d 461 (6th Cir. 2011)........................... 4

*Bank v. Michigan Education Assn.,* NEA, 315 Mich. App. 496 (2016).................... 10

*Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426 (6th Cir. 2008).................... 4

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ................................................ 4

*Bennett v. Detroit Police Chief,* 274 Mich. App. 307 (Mich App. 2006).................... 6

*Campau v. Orchard Hills Psychiatric Center,*
   964 F.Supp. 507 (E.D. Mich. 1996) ...................................................... 11

*Clayton v. International Union, UAW*, 451 U.S. 679 (1981) .................................. 10

*Collins v. City of Harker Heights, Tex.,* 503 U.S. 115 (1992) ................................. 14

*Crady v. Liberty Nat'l Bank & Trust Co. of Indiana,*
   993 F.3d 132 (7th Cir. 1993) ................................................................ 8

*Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631 (6th Cir. 2007)................... 4

*First Am. Title Co. v. Devaugh*, 480 F.3d 438 (6th Cir. 2007).................................... 4

*Golden v. City of Columbus*, 404 F.3d 950 (6th Cir. 2005) ........................................ 5

*Graham v. Ford*, 237 Mich. App. 670  (1999) ........................................................ 20

*Hardin v. Straub*, 954 F.2d 1193 (6th Cir. 1992) ..................................................... 18

*Hollins v. Atlantic Co.*, 188 F.3d 652, 662 (6th Cir. 1999)......................................... 8

*Hood v. Suffolk City Sch. Bd.,* 469 F. App'x 154 (4th Cir. 2012)............................... 16

*HRRS, Inc. v. Wayne County Treasurer,* 279 F. Supp. 2d 846 *(E.D. Mich 2003)* ....... 7

*Jones v. Powell,* 462 Mich. 329 *(2000)* ....................................................................... 6

*Kent Co. Deputy Sheriffs' Ass'n v. Kent Co. Sheriff,* 463 Mich. 353 (2000) ............. 10

*King v. Zamiara*, 680 F.3d 686 (6th Cir. 2012) ........................................................... 7

*Mino v. Clio School* District, 255 Mich. App. 60 (2003)........................................... 21

*Rockwell v. Crestwood Sch. Dist. Bd. of Ed.,* 393 Mich. 616 (1975)......................... 10

*Saucier v. Katz*, 533 U.S. 194 (2001)......................................................................... 19

*Seyfried v. UAW Local 1292,* No. 242566, 2004 WL 4354379
   (Mich. Ct. App. March 9, 2004) ...................................................................21, 22

*Teadt v. Lutheran Church Missouri Synod*, 237 Mich. App. 567 (1999) ................. 20

*Upsher v. Grosse Pointe Public School System*, 285 F.3d 448 (6th Cir. 2002).....15, 16

*Vander Boegh v. EnergySolutions, Inc.,* 772 F.3d 1056 (6th Cir. 2014) ..................... 9

*Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989) ..................................... 18

*Woodford v. Ngo,* 548 U.S. 81 (2006)........................................................................ 11

**Statutes**

42 U.S.C. §300j-9(i)(3)(A,B) ...................................................................................... 9

M.C.L. §15.362 ........................................................................................................... 11

M.C.L. §15.363(1).................................................................................................11, 13

M.C.L. §423.10 .......................................................................................................... 10

M.C.L. §423.209 ........................................................................................................ 10

M.C.L. §600.5805(9) ...................................................................................... 24

**Rules**

Fed. R. Civ. P. 12(b)(6) ................................................................................... 3

**BRIEF IN SUPPORT OF DEFENDANTS ALYCIA MERIWEATHER AND FELICIA VENABLE-AKINBODE'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Defendants Alycia Meriweather ("Meriweather") and Felicia Venable-Akinbode ("Venable-Akinbode") (collectively "Defendants") respectfully request that this Court dismiss Plaintiff's Complaint because Plaintiff's claims are legally and factually insufficient.  Plaintiff Katrina Brown ("Plaintiff") seeks relief under federal and state law.  All of Plaintiff's claims are barred as: (i) they fail to state a claim upon which relief can be granted; (ii) this Court is without subject matter jurisdiction to hear the matter; (iii) plaintiff has not exhausted her administrative remedies; and/or (iv) plaintiff's claims are untimely.

Count I fails as a matter of law because, as discussed in binding precedent, Plaintiff has no cause of action under the Michigan Constitution against a municipality or individual municipal employees.  Count I further fails because Plaintiff's allegations that Defendants took adverse action against her, are insufficient.  Count II fails because this Court does not have subject matter jurisdiction over Plaintiff's Safe Water Drinking Act claim.  Count III fails because the Michigan Employment Relations Commission ("MERC") has exclusive jurisdiction over Plaintiff's Public Employee Relations Act ("PERA") claim.  Further, Plaintiff has failed to exhaust administrative remedies as it relates to her PERA claim.  Count IV fails as a matter of law because it is time barred.

1

Count V fails because the 14th Amendment does not impose an independent federal obligation on school districts to provide minimum levels of safe drinking water. Further, Plaintiff has not pled facts suggesting that Defendants intended to injure her. Finally, Meriweather and Venable-Akinbode cannot be held liable under 42 U.S.C. §1983 in their individual or official capacities – and, they are entitled to qualified immunity. Finally, Count VI is insufficient because it does not allege that Defendants' acts were sufficiently extreme or outrageous. As such, Plaintiff's claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## BACKGROUND

### I. THE PARTIES

Defendant Alycia Meriweather served as Interim Superintendent for the Detroit Public Schools Community District. Defendant Felicia Venable-Akinbode served as Executive Director of Finance and Operations.

Plaintiff Katrina Brown is a teacher employed by DPSCD who was once assigned to John R. King School.

### II. PLAINTIFF'S CLAIMS

Plaintiff's seven count complaint, attached as **Exhibit A**, contains salacious rhetoric designed to distract this Court from the simple fact that Plaintiff's claims are insufficient as a matter of law ("Complaint"). In her complaint, Plaintiff attempts to

2

liken DPSCD's treatment of drinking water to that of the city of Flint. This attempted analogy has no basis in fact – and moreover is inflammatory and irresponsible.

DPSCD has not shown disregard for claims that water in school buildings have elevated levels of lead or cooper. In fact, upon receipt of any such claim – DPSCD has turned off the subject water sources, tested levels, remediated pipes (if necessary) and provided bottled water until testing showed normal levels. Plaintiff's claims to the contrary are false and reckless.

As explicated below, all of Plaintiff's claims fail as a matter of law and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).[1]

## ARGUMENT

### I. STANDARD OF REVIEW – FED. R. CIV. P. 12(b)(6)

Fed. R. Civ. P. 12(b)(6) provides authority to dismiss based upon the failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When a court is presented with a Rule 12(b)(6) motion, "it may consider the [c]omplaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to the defendant's motion to dismiss, so long as they are referred to in the [c]omplaint and are central to the claims contained therein." *Bassett*

---

[1] This honorable Court properly granted Defendants Mayor Mike Duggan, Detroit Public Schools Community District, Ivan Branson and Felicia Cook's Motions for Dismissal on November 22, 2017, Docket No. 14.

3

*v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6ᵗʰ Cir. 2008). *See also Ashland, Inc. v. Oppenheimer & Co.*, 648 F.3d 461, 467 (6th Cir. 2011).

A court "must construe the complaint in the light most favorable to the plaintiff, accept[ing] all of the complaint's factual allegations as true." *Id.* (citation and internal quotations omitted). Yet, to survive such a motion, a plaintiff's complaint "must contain either direct or inferential allegations respecting all the material elements [of the claim] to sustain a recovery under some viable legal theory." *First Am. Title Co. v. Devaugh*, 480 F.3d 438, 444 (6ᵗʰ Cir. 2007) (internal quotation omitted). "Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6ᵗʰ Cir. 2007). Thus, a party must make "a showing, rather than a blanket assertion of entitlement to relief" and "[f]actual allegations must be enough to raise a right to relief above the speculative level" so that the claim is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 and 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Igbal*, 556 U.S. 662, 678. The plausibility standard is not a probability requirement. Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Ultimately, determining whether a complaint

4

states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

A claim must be dismissed if the legal protections invoked by a party do not provide relief for the conduct alleged in its complaint. *Golden v. City of Columbus*, 404 F.3d 950, 959 (6th Cir. 2005).

## II. COUNT I FAILS AS A MATTER OF LAW

In Count I of Plaintiff's Complaint, Plaintiff asserts claims under both the Michigan and U.S. Constitutions. Both constitutional claims fail as a matter of law.

### A. Michigan Constitutional Claims

Plaintiff alleges a violation of Article I, Section 5 of the Michigan Constitution at the hands of individual governmental employees Defendants Judge Steven Rhodes ("Rhodes"), Alycia Meriweather ("Meriweather"), Felicia Venable-Akinbode ("Venable-Akinbode"), Mathew Sam ("Sam"), Dr. Sherrell Hobbs ("Hobbs"), Felicia Cook ("Cook"), Ivan Branson ("Branson"), Georgina Tait ("Tait") and John Does 1-5 ("Does"). Complaint at ¶¶90-97. Article 1, Section 5 of the Michigan Constitution provides: "[e]very person may freely speak, write, express and publish his views on all subjects, being responsible for the abuse of such right; and no law shall be enacted to restrain or abridge the liberty of speech or of the press."

5

The Michigan Supreme Court has clearly enunciated that plaintiffs may not pursue damages against individual defendants on claims arising under the Michigan State Constitution when remedies would be available to a plaintiff for violations of federal constitutional rights pursuant to 42 U.S.C. §1983. *Jones v. Powell*, 462 Mich. 329, 335-36; 612 N.W. 2d 423 (2000). *See also Bennett v. Detroit Police Chief*, 274 Mich. App. 307, 315 n.3; 732 N.W.2d 164 (2006) (citing *Jones* and recognizing that "our Supreme Court has held that there is no cause of action for damages against entities other than the state for a violation of state constitutional rights.")

In the *Jones* case, the plaintiff filed suit against individual police officers, seeking damages claiming violation of her rights under the Michigan Constitution. As to defendant police officer Powell, the jury found in plaintiff's favor. The Court of Appeals reversed the jury's finding. *Jones*, 462 Mich. 329, 333. The Michigan Supreme Court upheld the Court of Appeals' reversal concluding that "there is no support for inferring a damage remedy for a violation of the Michigan Constitution in an action against a municipality or an individual government employee. *Id*. at 335.

Here, Plaintiff has not brought Count I against the State of Michigan, but rather has sued individual officials for alleged violations of her rights to free speech and association. As this suit is not against the state and because avenues of relief are available to obtain damages from officials, under *Jones*, "Plaintiff's state

6

constitutional damages claims are barred." *HRSS, Inc. v. Wayne County Treasurer*, 279 F.Supp 2d 846, 851 (E.D. Mich. 2003).

Based on the above, Plaintiff's Michigan Constitutional claim must fail.

### B.  U.S. Constitutional Claims

In Count I, Plaintiff also alleges a violation of her right to freedom of speech and association under the First Amendment to the U.S. Constitution and 42 U.S.C. §1983.

In order to establish a claim for relief pursuant to 42 U.S.C. §1983 with respect to a First Amendment retaliation action, a plaintiff must show that: (i) the plaintiff participated in protected conduct; (ii) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and that (iii) there is a causal connection between the first two elements, whereby the adverse action was motivated in substantial part by the desire to punish the plaintiff for exercising a constitutional right.  *King v. Zamiara,* 680 F.3d 686, 694-695 (6th Cir. 2012).  If a plaintiff establishes these elements, the burden of persuasion shifts to the defendant to show, by a preponderance of the evidence, that it would have made the same decision even had the plaintiff not engaged in the protected conduct.  *Id.* at 694.

Even assuming *arguendo* that Plaintiff can satisfy the first element (*i.e.*, that she participated in protected conduct), plaintiff's First Amendment retaliation claim

7

must fail as a matter of law because Plaintiff does not allege in her Complaint that Defendants Meriweather and Venable-Akinbode took any adverse employment actions against the Plaintiff whatsoever.

The requirements for establishing an adverse employment action have been explained as: "[A] materially adverse change in the terms and conditions of employment must be more disruptive than a mere inconvenience or an alteration of job responsibilities.  A materially adverse change might be indicated by a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation." *Hollins v. Atlantic Co.*, 188 F.3d 652, 662 (6th Cir. 1999) (*quoting Crady v. Liberty Nat'l Bank & Trust Co. of Indiana*, 993 F.2d 132, 136 (7th Cir. 1993))

In the instant case, Plaintiff asserts that these Defendants failed to properly screen, investigate, hire, train, supervise and/or discipline themselves and other DPSCD employees, leading to Plaintiff's injuries. Complaint at ¶85.  Clearly, the facts as alleged by Plaintiff do not rise to the level of adverse actions as contemplated in *Hollins*, supra. For these reasons, Plaintiff has failed to establish a First Amendment retaliation claim against any of the Defendants.

### III.   COUNT II MUST BE DISMISSED IN ITS ENTIRETY

In Count II, Plaintiff claims she was retaliated against in violation of the Safe Water Drinking Act, 42 U.S.C. §300j-9(i) ("SWDA").  This Court lacks subject-matter jurisdiction over Plaintiff's SWDA retaliation claim.

A claimant may not bring a claim under the retaliation provisions of the SWDA directly in federal district court.  *Vander Boegh v. EnergySolutions, Inc.,* 772 F.2d 1056, 1065 (6th Cir. 2014).  Instead, a plaintiff must seek administrative review in the U.S. Department of Labor, followed by judicial review of a final agency order in the Court of Appeals.  42 U.S.C. §300j-9(i)(3)(A,B); *Vander Boegh,* 772 F.3d 1056, 1068.  For these reasons, Count II of Plaintiff's Complaint must be dismissed in its entirety.

### IV.   PLAINTIFF'S EMPLOYMENT CLAIMS IN COUNTS III AND IV ARE LEGALLY AND FACTUALLY INSUFFICIENT

#### A.   Plaintiff's PERA Claim Is Not Plausible Because MERC Has Exclusive Jurisdiction Over PERA Claims And Plaintiff Has Failed To Exhaust Her Administrative Remedies

Count III of Plaintiff's Complaint alleges that DPSCD, Rhodes, Meriweather, Venable-Akinbode, Sam, Hobbs, Cook, Branson, Tait and Does 1-5 violated PERA by: (i) committing acts of harassment and intimidation; (ii) not recognizing Plaintiff as her co-workers' (union) representative; (iii) interfering with a union election; (iv) involuntarily transferring her out of John R. King School; and (v) fostering a hostile work environment.  Complaint at ¶108.  PERA protects the rights and privileges of

9

public employees to unionize and engage in union activities.  M.C.L. §423.209.

PERA also prohibits employers from interfering with public employees' rights to

unionize and engage in protected activities.  M.C.L. §423.10.

MERC has **<u>exclusive</u>** jurisdiction to hear cases involving PERA.  *Bank v. Michigan Education Assn., NEA*, 315 Mich. App. 496, 502; 892 N.W.2d 1 (2016) (**emphasis added**), citing *Rockwell v. Crestwood Sch. Dist. Bd. of Ed.,* 393 Mich. 616, 630; 227 N.W.2d 736 (1975) (PERA governs public-sector labor relations and MERC alone has jurisdiction and administrative expertise to entertain and reconcile competing allegations of unfair labor practices and misconduct under the PERA). *See also Kent Co. Deputy Sheriffs' Ass'n v. Kent Co. Sheriff,* 463 Mich. 353; 616 N.W.2d 677 (2000).

Here, Plaintiff filed a matter in MERC that is identical to the PERA claim she now asserts in Count III.  *See* Katrina Brown MERC Filing, attached as **Exhibit B**. Plaintiff's MERC claim is still pending.[2]  As such, Plaintiff should not have pled her PERA claim in the instant lawsuit because MERC alone has jurisdiction.  *Bank supra* at 502.  Also, Plaintiff has not filed a grievance through her union related to the claims raised in Count III.  *Clayton v. International Union, UAW,* 451 U.S. 679, 692-96 (1981) (exhaustion of internal union remedies is generally required before a union member can sue his employer for breach of a collective bargaining agreement or his

---

[2] On November 16, 2017, the Administrative Law Judge issued a preliminary Decision and Recommended Order.  The Decision will be final if no exceptions are filed on or about December 11, 2017.

union for breach of the duty of fair representation). Accordingly, Plaintiff has not exhausted her administrative remedies and has shown complete disregard for judicial efficiencies. *Woodford v. Ngo*, 548 U.S. 81, 88 (2006) (exhaustion protects administrative agency's authority and promotes efficiency).

Because Plaintiff has failed to exhaust her administrative remedies, dismissal of Count III is proper pursuant to Fed. R. Civ. P. 12(b)(6*). Campau v. Orchard Hills Psychiatric Center,* 964 F. Supp. 507, 510 (E.D. Mich. 1996).

### B. Plaintiff's Whistleblower Claim Must Be Dismissed Because It Is Untimely and Outside of 90-Day Limitation

Plaintiff alleges in Count IV of her complaint that DPSCD, Rhodes, Meriweather, Venable-Akinbode, Sam, Hobbs, Cook, Branson, Tait and Does 1-5 violated the Michigan Whistleblowers' Protection Act ("WPA"). The WPA provides that an employer shall not discharge or otherwise retaliate against an employee because the employee "reports or is about to report a violation or a suspected violation of a law or regulation" or because "an employee is requested by a public body to participate in an investigation, hearing, or inquiry held by that public body." MCL §15.362.

The WPA imposes a 90–day limitations period for a civil action arising from a violation of the act. MCL §15.363(1). In determining whether a statute of limitations applies, a court looks to the true nature of a complaint, reading the complaint as a whole and looking beyond the parties' labels to determine the exact nature of the claim. *Adams v. Adams*, 276 Mich. App. 704, 710–711; 742 N.W.2d

11

399 (2007).

In the instant matter, Plaintiff alleges that as a result of the following complaints and/or reporting, Defendants unlawfully retaliated against her in violation of the WPA:

| DATE | ALLEGED COMPLAINTS | ALLEGED RETALIATION RESULTING FROM COMPLAINTS |
|---|---|---|
| Spring 2016 | Plaintiff complains that children are suffering in oppressive overcrowded classrooms without air conditioning and the school failed to provide adequate bottled water after shutting off water due to dangerous and toxic levels of copper in its drinking water. Complaint at ¶4. | May 27, 2016 - Cook rated Plaintiff "minimally effective" on her evaluation.  Previously Plaintiff had been rated "highly effective."  Complaint at ¶49. |
| 5/31/16 | Plaintiff filed a whistleblower report with the Michigan Office of Safety and Health Administration ("MIOSHA").  Complaint at ¶75. | Plaintiff was transferred to, Ronald Brown Academy ("RBA") a school that also had dangerous levels of toxins in the water.  Complaint at ¶¶ 6 and 48. |
| 6/7/16 | Plaintiff sends an email complaining about her concern for the children to Cook's supervisor, Hobbs.  Complaint at ¶ 53. | Within an hour of Plaintiff sending the email to Hobbs on June 7, 2016, Branson sends an email to Plaintiff stating that Plaintiff is fired for selling food to the students. Complaint at ¶54. |
| Fall 2016 | Plaintiff contacts MIOSHA and the Environmental Protection Agency to test the school water, despite DPSCD's announcement that all water is safe and drinkable.  Complaint at ¶¶5 and 75. | After making her Fall 2016 complaint, Plaintiff is reprimanded by Cook before the entire staff and transferred to RBA, a school located on the other side of the city. While at RBA, Tait threatened |

12

| | | |
|---|---|---|
| | | Plaintiff. Complaint at ¶¶ 6, 76 and 78. |
| October 2016 | Plaintiff took a medical leave and remained on leave until July 2017 due to Defendants' actions which caused her severe and emotional distress. Complaint at ¶80. | |

A review of the above timeline establishes that Plaintiff's claim under the WPA is untimely because: (i) her complaints/reporting occurred between May and September 2016; (ii) the alleged threats and discrimination in retaliation to her complaints occurred between May and October 2016; and (iii) Plaintiff did not file this lawsuit until September 22, 2017 - almost one year after her complaints/reports and her experiencing alleged adverse actions. Plaintiff's September 22, 2017 filing is more than 90 days after the alleged retaliation. As such, Plaintiff's WPA claim is untimely and fails as a matter of law. M.C.L. §15.363(1).

## V. PLAINTIFF'S SUBSTANTIVE DUE PROCESS CLAIM IN COUNT V FAILS TO STATE A CLAIM

In Count V, Plaintiff relies on 42 U.S.C. §1983 and alleges that DPSCD, Duggan, Rhodes, Meriweather, Venable-Akinbode, Sam, Hobbs, Cook and Branson violated her right to bodily integrity under the Fourteenth Amendment by providing her with contaminated water in August and September 2016 and "causing her to consume that water" and "expos[ing] her to a foreseeable risk of harm." Complaint

13

at ¶117.  Plaintiff seeks to assert a substantive due process claim under the Fourteenth Amendment.

To state a viable claim under 42 U.S.C. §1983, a plaintiff must produce evidence that: (i) they were deprived of a right, privilege or immunity secured by the federal Constitution or law of the United States; and (ii) the deprivation was caused by a person while acting under the color of state law.  *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120; 112 S.Ct. 1061; 117 L.Ed. 2d 261 (1992).  Plaintiff has failed to allege the deprivation of such a right.

First, to the extent Plaintiff is basing her substantive due process claim on an alleged failure to provide her safe drinking water, the Fourteenth Amendment "does not impose an independent federal obligation upon municipalities to provide certain minimal levels of safety and security in the workplace." *Id*.  In *Collins*, the plaintiff's decedent was a city sanitation employee who suffocated when he entered a manhole to work on a sewer line.  The plaintiff alleged that the city was deliberately indifferent to workers' safety by failing to train them, warn them about known risks or provide proper equipment.  The plaintiff claimed that the city violated her decedent's Fourteenth Amendment rights because "the Federal Constitution imposes a duty on the city to provide its employees with minimal levels of safety and security in the workplace, or [because] the city's 'deliberate indifference' to [decedent's]

14

safety was arbitrary government action that must 'shock the conscience' of federal judges." *Id.* at 126.  In rejecting this claim, the Supreme Court stated:

> [n]either the text nor the history of the Due Process Clause supports petitioner's claim that the governmental employer's duty to provide its employees with a safe working environment is a substantive component of the Due Process Clause . . . . The Clause is phrased as a limitation on the State's power to act, not as a guarantee of certain minimal levels of safety and security.

*Id*.

Accordingly, to the extent Plaintiff is basing her substantive due process claim on an alleged failure to provide her with safe drinking water, that claim has no support under the Fourteenth Amendment and must be dismissed.

Plaintiff also fails to state a substantive due process claim under the standard set forth in *Upsher v. Grosse Pointe Public School System*, 285 F.3d 448, 450 (6th Cir. 2002).  In the employment setting "in order to succeed on a §1983 claim in a non-custodial setting, a plaintiff must prove either intentional injury or 'arbitrary conduct intentionally designed to punish someone (*e.g.,* giving a worker a particularly dangerous assignment in retaliation for a political speech) . . . or because of his or her gender.'" *Upsher*, 285 F.3d at 453.  Or, a plaintiff must prove "conscience shocking" behavior. *Id*.

15

In *Upsher*, after a contractor refused to rip up carpet from asbestos tile because of the danger from the asbestos, a school district decided to use its custodians to do the work instead, with virtually no safety precautions. The custodians were massively exposed to friable asbestos and sued the school district under §1983 for substantive due process violations.

Before upholding summary judgment for the school district, the court noted the importance of first looking at the complaint to determine whether the plaintiffs, as an initial matter, had sufficiently alleged a willful violation. In concluding that they had, the court focused on the plaintiffs' allegation that the defendants, ". . . in ordering the plaintiffs to remove the asbestos-containing materials, caused injury to the plaintiffs which was 'willful, wanton, malicious and demonstrated complete, utter and reckless disregard for [their] health and safety. . . .'" *Id*. at 452.

*Upsher*, *supra*, requires the pleading of facts on which it could reasonably be concluded, at a minimum, that Defendants "engaged in arbitrary conduct intentionally designed to punish the [employees]." *See also Hood v. Suffolk City Sch. Bd*. 469 F. App'x 154, 159 (4th Cir. 2012), unpublished opinion attached as **Exhibit C**. In *Hood*, the appellate court affirmed dismissal of a school employee's claims for deprivation of bodily integrity despite the school board's knowledge of dangerous conditions caused by excessive mold and bacteria growth. The court rejected an

16

argument that defendants engaged in deliberate acts that violated plaintiff's right to bodily integrity, or acted with deliberate indifference to that right.

In this case, Plaintiff has not met the *Upsher* pleading standard and has failed to plead sufficient factual content that allows this Court to draw the reasonable inference that Defendants could be found liable for a substantive due process violation. Specifically, there are no facts on which this Court can reasonably infer that the Defendants: (i) intended to injure Plaintiff; (ii) engaged in arbitrary conduct intentionally designed to punish Plaintiff; or (iii) engaged in conscience shocking behavior.

In fact, Plaintiff alleges facts that run counter to that which is required to be pled. Plaintiff alleges that in April 2016, Defendant DPSCD upon first learning of the elevated lead and copper levels, turned the water off at her school. Complaint at ¶36. Plaintiff further alleges that in late August 2016, Defendants turned the water back on after DPSCD had replaced the white faucet fixtures with new silver fixtures. Complaint at ¶¶63 and 73. Plaintiff alleges that two weeks later, on September 19, 2016, in response to her initiative and investigation, DPSCD "shut off the water" again. *See* Complaint at ¶72. Plaintiff fails to allege that any Defendant ordered her to drink water known to be contaminated or otherwise directed her to engage in any conduct that would cause her harm. Plaintiff fails to allege facts on which it could reasonably be concluded that any Defendant intentionally provided her water which

17

any Defendant knew was contaminated. Nor does Plaintiff allege any facts which would allow this Court to reasonably conclude that any Defendant arbitrarily failed to provide Plaintiff drinking water with the intent to punish her.

**A. Both the Individual Capacity and Official Capacity Claims Against Meriweather and Venable-Akinbode Should Be Dismissed**

As to Meriweather and Venable-Akinbode, both the official capacity claim and the individual capacity claims should be dismissed. A suit against an officer in his official capacity is tantamount to a suit against the governmental entity employing the officer, and is properly dismissed. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 68; 109 S.Ct. 2304; 105 L.Ed. 2d 45 (1989). As to the individual capacity claims, Plaintiff fails to sufficiently plead that either Meriweather or Venable-Akinbode were personally involved in any manner in the alleged unconstitutional conduct. A defendant cannot be held liable under 42 U.S.C. §1983 absent a showing that the defendant was personally involved in some manner in the unconstitutional conduct. *Hardin v. Straub*, 954 F.2d 1193, 1196 (6th Cir. 1992). Plaintiff fails to make such a showing.

**B. Meriweather and Venable-Akinbode Are Entitled to Qualified Immunity**

Even if this Court determines that Plaintiff has pled with sufficient particularity as to Meriweather and/or Venable-Akinbode, Meriweather and Venable-Akinbode are still entitled to qualified immunity in their individual capacities. Qualified

18

immunity prevents government officials from being held liable if: (i) the official did not violate any constitutional guarantees; or (ii) the guarantee, even if violated, was not "clearly established" at the time of the alleged misconduct.  When a defendant raises a defense of qualified immunity, the plaintiff bears the burden of demonstrating that the defendant is not entitled to qualified immunity.  *Saucier v. Katz*, 533 U.S. 194, 201; 121 S.Ct. 2151; 150 L.Ed. 2d 272 (2001).  Qualified immunity is only denied to the plainly incompetent or those who knowingly violate the law.  The "dispositive inquiry . . . is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier*, 533 U.S. 194, 202.

Here, Plaintiff has failed to plead facts in avoidance of Meriweather and Venable-Akinbode's entitlement to qualified immunity, and will be unable to meet her burden to prove that it is not available to these Defendants.

Based on the foregoing, Plaintiff's substantive due process-bodily integrity claims should be dismissed with prejudice as to all Defendants.

## VI.   PLAINTIFF'S COUNT VI FAILS TO STATE A CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

In Count VI of the Complaint, Plaintiff asserts a claim of intentional infliction of emotional distress against Duggan, Rhodes, Meriweather, Venable-Akinbode, Sam, Hobbs, Cook, Branson, Tait and Does 1-5.  To establish a claim of intentional infliction of emotional distress, a plaintiff must show: (i) extreme and outrageous conduct; (ii) intent or recklessness; (iii) causation; and (iv) severe emotional distress.

19

*Graham v. Ford*, 237 Mich. App. 670, 674; 604 N.W.2d 713 (1999). In *Graham*, the court opined that:

> Liability . . . has been found only where the conduct complained of has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community. . . . It is not enough that the defendant has acted with an intent that is tortious or even criminal, . . . or even that his conduct has been characterized by "malice," or a degree of aggravation that would entitle the plaintiff to punitive damages for another tort. . . . The test is whether . . . an average member of the community would . . . claim, "Outrageous!"

*Id*. at 674-675. It is initially for the trial court to determine whether the defendant's conduct may reasonably be regarded as so extreme and outrageous to permit recovery. *Teadt v. Lutheran Church Missouri Synod*, 237 Mich. App. 567, 582; 603 N.W.2d 816 (1999).

In this case, the specific allegations against Meriweather (the Interim Superintendent), are clearly insufficient. Plaintiff alleges that Meriweather failed to properly screen, investigate, hire, train, supervise and/or discipline herself, Venable-Akinbode, and others, leading to Plaintiff's injuries. Complaint at ¶ 85.

20

As to Venable-Akinbode (Executive Director of Finance and Operations) the specific allegations are identical and also insufficient.   *Complaint at ¶85*.

Case law establishes that the alleged conduct by Meriweather and Venable-Akinbode does not rise to the level of outrageousness required to state a claim. *Mino v. Clio School District*, 255 Mich. App. 60, 80; 661 N.W.2d 586 (2003).  *See also Seyfried v. UAW Local 1292*, No. 242566, 2004 WL 435379, at*4 (Mich. Ct. App. March 9, 2004), unpublished opinion attached as **Exhibit D**.

In *Mino*, *supra*, the Plaintiff (a former superintendent) argued that defendants (assistant superintendent, school board member and school public relations director) had spread "scandalous falsehoods and rumors" about him.  The court held that the defendants' conduct was not extreme and outrageous and Plaintiff failed to identify the challenged conduct in the Complaint. *Mino*, 255 Mich. App. 60, 80.  In *Seyfried*, the plaintiff was a union representative and defendant Phelps was chairman of the shop committee.  The court affirmed the entry of judgment notwithstanding the verdict, following a verdict in favor of the plaintiff on an intentional infliction of emotional distress claim.

In reliance on *Graham, supra*, the *Seyfried* court rejected the following conduct as sufficiently outrageous: "(1) entering plaintiff's office upset pounding his fists and knocking over things when Phelps heard plaintiff was 'bad mouthing' the contract, (2) drove by plaintiff's house three times, (3) hollering at plaintiff, (4)

21

threatening to go to labor relations, (5) sending a letter to plaintiff's home regarding discipline; and (6) approached plaintiff and when plaintiff told Phelps he was in violation of the personal protection order, Phelps' responded 'what are you going to do, have me arrested.' Each of these listed actions are no more than, and can be categorized as, mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Seyfried*, 2004 WL 435379 at*4. The court concluded that "[t]his alleged conduct by defendant does not rise to the level required to sustain an intentional infliction of emotional distress claim. Several of the challenged instances of harassing conduct were based on conduct that was within Phelps' authority as shop chairperson. The evidence reflects a protracted period of employment tension and hostility between co-employees. Although the challenged conduct of Phelps is aggressive and intimidating and may have frightened plaintiff, it is not 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community.'" *Id.*

Under the above authorities, the alleged conduct by Meriweather and Venable-Akinbode in the instant matter was not sufficiently outrageous to state a claim. Accordingly, Plaintiff's Count VI for Intentional Infliction of Emotional Distress should be dismissed with prejudice.

22

## **CONCLUSION**

For all of the foregoing reasons, Plaintiff's Complaint should be dismissed against Defendants Meriweather and Venable-Akinbode pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully Submitted,


By: /s/ Rebecca Shaw-Hicks
Rebecca Shaw-Hicks (P40732)

Dated:  December 6, 2017

23

## CERTIFICATE OF SERVICE

I hereby certify that on December 6, 2017, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

Respectfully Submitted by:

DETROIT PUBLIC SCHOOLS
COMMUNITY DISTRICT
OFFICE OF GENERAL COUNSEL

/s/ Rebecca Shaw-Hicks_____
Rebecca Shaw-Hicks (P40732)
rebecca.hicks@detroitk12.org
Theophilus E. Clemons (P47991)
theophilus.clemons@detroitk12.org
Phyllis Hurks-Hill (P48809)
phyllis.hurks-hill@detroitk12.org
Jenice C. Mitchell Ford (P61511)
jenice.mitchellford@detroitk12.org
3011 West Grand Boulevard, Suite 1002
Detroit, Michigan 48202
(313) 873-4528 (Telephone)
(313) 873-4564 (Facsimile)
*Counsel for Defendants Detroit Public Schools Community District, Felicia Cook, Ivan Branson, Alycia Meriweather and Felicia Venable-Akinbode*

24