SHANTA DRIVER, Bar No. P65007
MONICA SMITH, Bar No. P73439
United for Equality and Affirmative Action Legal Defense Fund (UEAALDF)
19526-B Cranbrook Drive
Detroit, MI 48221
(313) 407-4865
shanta.driver@ueaa.net, monica.smith@ueaa.net
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

KATRINA BROWN,

Plaintiff,

vs.

DETROIT PUBLIC SCHOOLS
COMMUNITY DISTRICT, et al.,

Defendants.

_____

CASE NO. 2:17-cv-12936-BAF-DRG

**[PROPOSED] ORDER
RESCINDING DISMISSAL OF
FIRST AMENDMENT,
SUBSTANTIVE DUE PROCESS,
AND INTENTIONAL INFLICTION
OF EMOTIONAL DISTRESS
CLAIMS**

After having read and considered Plaintiff's motion for reconsideration of this Court's November 27, 2017 order to dismiss (Dkt. No. 14) ("the Order"), the Court reconsiders the Order.

Plaintiff cites the prevailing standard for an "adverse action" in First Amendment retaliation cases: whether it would "deter a person of ordinary firmness." *Fritz v. Character Tp. of Comstock*, 592 F.3d 718, 724 (6th Cir. 2010).

Plaintiff also cites *Ely v. Dearborn Heights School District No. 7*, 150 F.Supp.3d 842 (E.D. Mich. 2015), which has facts similar the instant case.

This Court "must construe the complaint in the light most favorable to the plaintiff" and "accept all of the complaint's factual allegations as true." *Ashland, Inc. v. Oppenheimer & Co., Inc.*, 648 F.3d 461 (6th Cir. 2011). When viewing the Complaint (Dkt. No. 1) in the light most favorable to Plaintiff, this Court concludes that Plaintiff has alleged facts that "would deter a person of ordinary firmness" (Fritz) and has therefore stated a retaliation claim under the First Amendment against Defendants Brown. This Court also must give preclusive effect to the November 16, 2017 findings of Michigan Employment Relations Commission (MERC) Administrative Law Judge Julia C. Stern under the doctrine of collateral estoppel, under which "questions of fact essential to an earlier judgment have been actually litigated and determined by a valid and final judgment between the same parties or those in privity with those parties. The speech at issue before MERC is exactly the same speech at issue in this case. The finding of unlawful

The portion of the Order dismissing Plaintiff's First Amendment claim against Defendants DPSCD, Brown, and Branson is REVERSED.

[PROPOSED] ORDER RESCINDING DISMISSAL OF FIRST AMENDMENT, SUBSTANTIVE DUE PROCESS, AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIMS
CASE NO. 2:17-cv-12936-BAF-DRG

2

Plaintiff cites controlling authorities on the prevailing standards of Substantive Due Process jurisprudence. The Supreme Court has held that the standard of "deliberate indifference" applies in situations where "actual deliberation is practical." *County of Sacramento v. Lewis*, 523 U.S. 833, 850-51 (1998). Further, this Court follows the Sixth Circuit's recognition of the substantive due process right to bodily integrity from contaminated drinking water in *Boler v. Earley,* 865 F.3d 391, 408, n. 4 (6th Cir. 2017). The complaint alleges facts indicating personal involvement on the part of Defendants Brown, Branson, and Duggan. Furthermore, the right to bodily integrity is "clearly established" and therefore Defendants are not entitled to qualified immunity.

The portion of the Order dismissing Plaintiff's Fourteenth Amendment Substantive Due Process (Bodily Integrity) claim against Defendants DPSCD, Brown, Branson, and Duggan is REVERSED.

Plaintiff also makes persuasive arguments that the complaint's allegations of malfeasance in exposing Plaintiff, other staff and children at her school to contaminated water, using their authority over Plaintiff to downgrade her teaching rating, threaten her with transfer, challenge her undisputed office as union site representative, and through veiled and open threats foster a hostile environment to bully and drive Plaintiff out of her school and then out of teaching in the District

altogether, are "outrageous." Plaintiff also persuasively distinguishes the instant case from the authorities cited by Defendant, which were in regard to motions for summary judgment and have distinguishable facts.

As this Court must "must construe the complaint in the light most favorable to the plaintiff" and "accept all of the complaint's factual allegations as true" (*Ashland),* the portion of the Order dismissing Plaintiff's Intentional infliction of Emotional Distress claim against Defendants DPSCD, Brown, Branson is REVERSED.

IT IS SO ORDERED.

Dated: _____         _____

BERNARD A. FRIEDMAN
United States District Judge

[PROPOSED] ORDER RESCINDING DISMISSAL OF FIRST AMENDMENT, SUBSTANTIVE DUE PROCESS, AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIMS
CASE NO. 2:17-cv-12936-BAF-DRG