UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATRINA BROWN,

      Plaintiff,                                                          Civil Action No. 17-CV-12936

vs.                                                                             HON. BERNARD A. FRIEDMAN

DETROIT PUBLIC SCHOOLS
COMMUNITY DISTRICT, et al.,

      Defendants.

_____/

**<u>OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS</u>**

This matter is presently before the Court on the motion of defendants Alycia Meriweather and Felicia Venable-Akinbode to dismiss the complaint [docket entry 15]. Plaintiff has filed a response in opposition. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing.

Plaintiff, a former teacher employed by the Detroit Public Schools Community District ("DPSCD"), alleges that defendants transferred her to another school and otherwise harassed, reprimanded, and retaliated against her when she complained that the water in the schools where she taught contained unsafe levels of lead and copper and that defendants were not testing the water or taking measures to make the water safe. She alleges that defendants' harassment and retaliation "have caused her to become ill and have forced her to withdraw from work." Compl. ¶¶ 3, 7. Plaintiff is suing the DPSCD, Detroit mayor Mike Duggan, DPSCD emergency manager Steven Rhodes, DPSCD superintendent Alycia Meriweather, DPSCD director of environmental health and safety Felicia Venable-Akinbode, DPSCD director of air/water quality management

Mathew Sam, DPSCD assistant superintendent Sherrell Hobbs, John R. King principal Felicia Cook, John R. King assistant principal Ivan Branson, and Ronald Brown Academy principal Georgina Tait. *Id.* ¶¶ 15-24.  Plaintiff asserts claims for retaliation for exercising her free speech and associational rights (Count One), retaliation in violation of the Safe Drinking Water Act ("SDWA") (Count Two), violation of the Michigan Public Employment Relations Act ("PERA") (Count Three), violation of the Michigan Whistleblowers' Protection Act ("WPA") (Count Four), violation of her Fourteenth Amendment substantive due process rights (Count Five), intentional infliction of emotional distress (Count Six), and defamation (Count Seven).

Defendants Meriweather and Venable-Akinbode, who are named in Counts One through Six, seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(6).  To survive such a motion, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  "Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*  The "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005).  In deciding a motion to dismiss, the Court "must construe the complaint in the light most favorable to the plaintiff and accept all of the complaint's factual allegations as true." *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 512 (6th Cir. 2001).

Having reviewed the complaint and the parties' briefs, the Court shall grant

defendants' motion for the following reasons.

**Count One:  Violation of Freedom of Speech and Association**

In this count, plaintiff alleges that defendants Rhodes, Meriweather, Venable-Akinbode, Sam, Hobbs, Cook, Branson, and Tait violated her free speech and associational rights under the Michigan Constitution and the First Amendment by retaliating against her for "advocating for the safety and health of children and staff at her school and throughout DPSCD schools." Compl. ¶ 93.  To the extent that this claim is based on the Michigan Constitution, defendants seek dismissal on the grounds that the Michigan Supreme Court has not recognized a damages remedy against individual state actors for alleged state constitutional violations.  Plaintiff  apparently concedes this argument, as she does not address it in her response brief.  The Court shall grant defendants' motion on this basis as to Count One to the extent this claim is based on alleged violations of the Michigan Constitution.[1]

To the extent that this claim is based on the First Amendment, defendants argue that plaintiff fails to sufficiently allege the second element of a First Amendment retaliation claim, namely, that "an adverse action was taken against the plaintiff that would deter a person of ordinary

---

[1] Defendants' argument is plainly supported by the cases cited in their brief.  *See Jones v. Powell*, 462 Mich. 329, 335 (2000) ("We agree with the Court of Appeals majority that our decision in *Smith* provides no support for inferring a damage remedy for a violation of the Michigan Constitution in an action against a municipality or an individual government employee."); *Bennett v. Detroit Police Chief*, 274 Mich. App. 307, 316 (2006), as amended (Feb. 20, 2007) ("[O]ur Supreme Court has held that there is no cause of action for damages against entities other than the state for a violation of state constitutional rights.").  Given the strength of this authority, and the lack of any argument on this point in plaintiff's response brief, the Court questions whether inclusion of this claim in the complaint was "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law."  Fed. R. Civ. P. 11(b)(2).

firmness from continuing to engage in that conduct." *King v. Zamiara*, 680 F.3d 686, 694 (6th Cir. 2012) (quoting *Thaddeus–X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999)).  The Court rejects this argument because Cook's poor evaluation of plaintiff, Branson's threat to fire plaintiff, Cook's transfer of plaintiff to another school, and Cook's formal reprimand of plaintiff, *see* Compl. ¶¶ 49, 54, 66, 69, may suffice to constitute adverse action for First Amendment purposes.  *See Ely v. Dearborn Heights Sch. Dist. No. 7*, 150 F. Supp. 3d 842, 853 (E.D. Mich. 2015) (finding that a jury could find letters of reprimand threatening termination to be sufficient adverse action to support a First Amendment retaliation claim).

Nonetheless, this claim fails as to Meriweather and Venable-Akinbode because the complaint does not allege that these defendants took adverse action – or any action, for that matter – against plaintiff in retaliation for speaking about the allegedly unsafe drinking water.  As noted above, the complaint does allege that defendants Branson and Cook took such action.  The complaint also alleges vaguely that "defendants" and unidentified third parties did so.  *See, e.g.,* ¶ 8 ("the school drove her out of her teaching position . . . [and] the school has still not taken action to comply with MIOSHA's order"); ¶¶ 26-28 ("each of the Defendants sued herein was . . . responsible in some manner"; "each of the Defendants was at all material times, an agent, servant, . . . and/or alter ego of the remaining Defendants"; "each of the Defendants herein gave consent, aid, and assistance to other Defendants"); ¶ 84 ("Defendants targeted Plaintiff"); ¶ 101 ("Defendants took adverse employment actions against BROWN"); and ¶ 109 ("Defendants' actions as described above fostered a hostile work environment").  Conspicuously absent from the complaint, however, is a single allegation that Meriweather or Venable-Akinbode retaliated against plaintiff.  In short, there is no allegation specifically linking these defendants with any retaliation against plaintiff.  That is

to say, this claim lacks "facial plausibility" as to defendants Meriweather or Venable-Akinbode because the complaint is devoid of "factual content that allows the court to draw the reasonable inference that [either] defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Court shall grant defendants' motion on this basis as to Count One to the extent this claim is based on alleged violations of the First Amendment.

**Count Two:  Retaliation in Violation of the Safe Drinking Water Act ("SDWA")**

In this count, plaintiff alleges that defendants DPSCD, Rhodes, Meriweather, Venable-Akinbode, Sam, Hobbs, Cook, Branson, and Tait violated her rights under the SDWA by retaliating against her for reporting unsafe water to the Occupational Safety and Health Administration. Defendants seek dismissal of this claim on the grounds that plaintiff's only remedy under this statute is seek administrative review with the Department of Labor and, if dissatisfied there, to seek judicial review of the administrative decision with the appropriate United States Court of Appeals. Plaintiff apparently concedes this argument, as she does not address it in her response brief. The Court shall dismiss this claim for the reason defendants urge.[2]

---

[2] Defendants' argument is unassailable. The retaliation plaintiff alleges in Count Two is prohibited by 42 U.S.C. § 300j-9(i)(1). Under § 300j-9(i)(2), an aggrieved employee may file a complaint with the Secretary of Labor. The employee may seek review of the Secretary of Labor's decision in the appropriate United States Court of Appeals. The employee may not bypass this review process and sue directly in district court, as the Sixth Circuit plainly held in *Vander Boegh v. EnergySolutions, Inc.*, 772 F.3d 1056, 1067 (6th Cir. 2014). Once again, given the strength of this authority, and the lack of any argument on this point in plaintiff's response brief, the Court questions whether inclusion of this claim in the complaint was "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2).

**Count Three:  Violations of the Michigan Public Employment Relations Act ("PERA")**

In this count, plaintiff alleges that defendants DPSCD, Rhodes, Meriweather, Venable-Akinbode, Sam, Hobbs, Cook, Branson, and Tait interfered with her rights under PERA, by harassing, intimidating, and transferring her to another school in retaliation for "engag[ing] in lawful concerted activities for mutual aid and protection." Compl. ¶ 107.  Defendants seek dismissal of this claim on the grounds that the Michigan Employment Relations Commission ("MERC") has exclusive jurisdiction to hear alleged PERA violations.  Plaintiff apparently concedes this argument, as she does not address it in her response brief.  The Court shall dismiss this claim for the reason defendants urge.[3]

**Count Four: Violation of the Michigan Whistleblowers' Protection Act ("WPA")**

In this count, plaintiff alleges that defendants DPSCD, Rhodes, Meriweather, Venable-Akinbode, Sam, Hobbs, Cook, Branson, and Tait violated her rights under the WPA, Mich.

---

[3] Once again, defendants' position is unarguable.  Plaintiff claims defendants have committed unfair labor practices, in violation of Mich. Comp. Laws § 423.210.  *See* Compl. ¶ 107.  Under § 423.216, unfair labor practices are "remediable by the commission," i.e., MERC. The Michigan courts have plainly held that MERC's jurisdiction is exclusive.  *See Rockwell v. Bd. of Ed. of Sch. Dist. of Crestwood*, 393 Mich. 616, 630 (1975) ("MERC alone has jurisdiction and administrative expertise to entertain and reconcile competing allegations of unfair labor practices and misconduct under the PERA."); *Bank v. Michigan Educ. Ass'n-NEA*, 315 Mich. App. 496, 502 (2016) (" Because MERC has exclusive jurisdiction over plaintiff's claim regarding a PERA violation, the trial court did not err by granting summary disposition in favor of defendants pursuant to MCR 2.116(C)(4).") The prevailing party before MERC "may petition the court of appeals for the enforcement of the order." Mich. Comp. Laws § 423.216(d).  There is no conceivable basis for an aggrieved employee to file a claim based on an alleged PERA violation directly in a federal district court.  Once again, the Court questions whether inclusion of this claim in the complaint was "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2).

Comp. Laws § 15.362, by retaliating against her because she reported, or was about to report, a violation of the law. Compl. ¶ 112. Presumably this claim is based on plaintiff's "decision to file complaints to MIOSHA and OSHA regarding the lack of safe drinking water." *Id.* ¶ 83. Defendants seek dismissal of this claim on the grounds that the complaint was filed long after the statute's 90-day limitations period had expired. Plaintiff apparently concedes this argument, as she does not address it in her response brief. The Court shall dismiss this claim for the reason defendants urge.[4]

**Count Five: Substantive Due Process**

In this count, plaintiff alleges that defendants DPSCD, Duggan, Rhodes, Meriweather, Venable-Akinbode, Sam, Hobbs, and Cook violated her Fourteenth Amendment substantive due process rights by "providing [her] with contaminated water . . . and/or causing her to consume that water." Compl. ¶ 117. Defendants seek dismissal of this claim for a number of reasons, but the Court need only consider the first, namely, that the complaint fails to allege any direct, personal involvement by Meriweather or Venable-Akinbode.

If any of individual defendants are to be held liable on this claim, the complaint must allege that he/she personally violated plaintiff's rights or, in the case of a supervisor, that he/she "condoned, encouraged, or knowingly acquiesced in the alleged unconstitutional misconduct." *Mills*

---

[4] Again, defendants' position is clearly correct. Under Mich. Comp. Laws § 15.363(1), plaintiff was required to file suit "within 90 days after the occurrence of the alleged violation of this act." All of the retaliation alleged in the complaint took place in 2016, but she did not commence the instant action until September 2017. The WPA claim is irrefutably time-barred. The Court questions whether inclusion in the complaint of this time-barred claim was "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2).

*v. City of Barbourville*, 389 F.3d 568, 580 (6th Cir. 2004). *Accord Ontha v. Rutherford Cty., Tennessee*, 222 F. App'x 498, 504 (6th Cir. 2007). However, the complaint in the present case makes no such allegations as to Meriweather or Venable-Akinbode that are sufficiently specific to comply with the pleading requirements of *Iqbal* and *Twombly*. Rather, as with the allegations regarding retaliation, the plaintiff's allegations identifying those who exposed her to contaminated drinking water refer to "defendants" generally or to dismissed parties[5] or to unnamed third parties. *See, e.g.,* ¶ 3 ("DPSCD's repressive actions against BROWN"); ¶ 5 ("She discovered that DPSCD had not taken any measures to correct the chemicals in the drinking water"); ¶ 26 ("each of the Defendants sued herein was . . . responsible in some manner for the events and happenings as hereinafter described"); ¶ 27 ("each of the Defendants was at all material times, an agent, servant, . . . and/or alter ego of the remaining Defendants"); ¶ 28 ("each of the Defendants herein gave consent, aid, and assistance to other Defendants"); ¶ 53 ("BROWN continued requesting bottled water from Defendant COOK"); ¶ 61 ("various Defendants turned on the water . . . , accompanied by a public relations campaign saying that nearly all of DPSCD were [sic] now 'in compliance' with safety standards"); ¶ 63 ("at the end of August 2016, the District administration announced that the water was turned back on because it was now safe to drink"); ¶ 70 ("DPSCD should never have turned the water on again"); ¶ 72 ("after the District had turned on the water where the drinking water was still dangerous for two weeks, the District shut off the water"); and ¶ 73 ("The District lied to BROWN, other staff, and children and exposed them to dangerous chemicals to enhance its public relations"). These allegations do not, directly or impliedly, implicate Meriweather or

---

[5] On November 27, 2017, the Court granted the motion of defendants DPSCD, Duggan, Branson, and Cook to dismiss the complaint for failure to state a claim.

Venable-Akinbode.

The only allegations specially naming these two defendants are found in the following two paragraphs of the complaint:

> 71. At the start of the 2016-17 school year, DPSCD, under the direction of Defendants Mayor DUGGAN, Judge RHODES, and Superintendent MERIWEATHER, Executive Director of the DPSCD's Department of Environmental Health and Safety Defendant Felicia VENABLE-AKINBODE, and Director of the Air/Water Quality Management division of Department of Environmental Health and Safety Defendant Mathew SAM, had failed to remedy the contamination of DPSCD water and yet deliberately misinformed the public and endangered the health and mental and physical development of thousands of children in order to convince more parents to enroll their children in DPSCD.
>
> *   *   *
>
> 85. On information and belief, Defendant DPSCD, its policymakers and managing agents and employees including, but not limited to, Defendants Judge Steven RHODES, Alicia MERIWEATHER, Felicia VENABLE-AKINBODE, Mathew SAM, Dr. Sherrell HOBBS, and Felicia COOK, and other as-yet unknown employees and agents of Defendants DPSCD, . . . failed to property screen, investigate, hire, train, supervise, and/or discipline Defendants Alycia MERIWEATHER, Felicia VENABLE-AKINBODE, Mathew SAM, Dr. Sherrell HOBBS, and Felicia COOK, Ivan BRANSON, and Georgina TAIT leading to Plaintiff's injuries.

These averments do not suffice to allege that defendants Meriweather or Venable-Akinbode were directly involved, as supervisors or otherwise, in exposing plaintiff to contaminated water. Paragraph 85 nonsensically alleges that defendants failed to supervise themselves, while paragraph 71 is, at best, a "formulaic recitation" of supervisory liability that lacks the "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

For these reasons, the Court concludes that Count Five of the complaint fails to state

9

a claim against defendant Meriweather or defendant Venable-Akinbode. The Court shall grant defendants' motion to dismiss this claim.

**Count Six:  Intentional Infliction of Emotional Distress**

Finally, in this count plaintiff alleges that defendants Duggan, Rhodes, Meriweather, Venable-Akinbode, Sam, Hobbs, Cook, Branson, and Tait subjected her to emotional distress by harassing her, retaliating against her, and by "subjecting her to inappropriate teaching positions and placing her near the school's most contaminated drinking fountain." Compl. ¶ 121. Defendants seeks dismissal of this claim on the grounds that the complaint fails to allege that they engaged in any extreme or outrageous conduct.

In response, plaintiff argues that "[t]his Court cannot conclude that denying children access to safe drinking water, exposing Plaintiff and children to poisoned water, and retaliating against Plaintiff for defending herself and the children is as a matter of law 'not outrageous.'" Pl.'s Br. at 23. The Court does not disagree with this proposition. However, the narrower issue raised by the instant motion is whether the complaint sufficiently alleges that defendant Meriweather or defendant Venable-Akinbode engaged in any such conduct. As noted above, the complaint does not allege that they did so or that they allowed or directed or encouraged others to do so. Rather, the complaint alleges vaguely that "defendants" or dismissed parties or unnamed third parties exposed her to contaminated water and retaliated against her when she shed light on the situation. No claim is stated against Meriweather or Venable-Akinbode because the complaint does not allege what, if anything, *these defendants* did to subject plaintiff to emotional distress. Plaintiff's response to the instant motion suffers from the same infirmity. Rather than indicating what, if anything,

10

Meriweather or Venable-Akinbode did, plaintiff again points the finger at "Cook and Branson," Pl.'s Br. at 24-25, and at "Defendants' decision to prioritize the image of the District over the health of children" and "Defendants' acts [that] so demoralized Plaintiff and made her so ill." *Id.* at 26. These allegations do nothing to implicate defendants Meriweather or Venable-Akinbode.

## Conclusion

For the reasons stated above, the Court concludes that the complaint fails to state a claim upon which relief can be granted against defendant Meriweather or defendant Venable-Akinbode under Counts One, Two, Three, Four, Five, or Six. Accordingly,

IT IS ORDERED that the motion of defendants Meriweather and Venable-Akinbode to dismiss is granted.

s/Bernard A. Friedman
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

Dated:1/3/18
Detroit, Michigan

## CERTIFICATE OF SERVICE
The undersigned certifies that the foregoing document was served upon counsel of record
and any unrepresented parties via the Court's ECF System to their respective email or First Class
U.S. mail addresses disclosed on the Notice of Electronic Filing on January 3, 2018.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager