**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

Deborah S. Hunt
Clerk

Tel. (513) 564-7000
www.ca6.uscourts.gov

Filed: February 21, 2019

Mr. Theophilus Efrem Clemons Sr.
Detroit Board of Education
Office of the General Counsel
3011 W. Grand Boulevard, Suite 1800
Detroit, MI 48202

Ms. Linda Denise Fegins
City Of Detroit Law Department
2 Woodward Avenue, Suite 500
Detroit, MI 48226

Mr. Jerome Dale Goldberg
2727 Second Avenue
Suite 111
Detroit, MI 48201

Ms. Rebecca Shaw Hicks
Ms. Phyllis L. Hurks-Hill
Detroit Public Schools, 3011 W. Grand Boulevard, Suite 1800
Detroit, MI 48202

Re: Case No. 18-1098, *Katrina Brown v. Detroit Pub. Schools Community, et al*
Originating Case No. : 2:17-cv-12936

Dear Counsel,

The Court issued the enclosed opinion today in this case.

Sincerely yours,

s/Cathryn Lovely
Opinions Deputy

Case: 18-1098 Document: 32-1 Filed: 02/21/2019 Page: 2

cc: Mr. David J. Weaver

Enclosure

Mandate to issue

**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 19a0090n.06

CASE NO. 18-1098

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| KATRINA BROWN, | ) | |
| | ) | |
| *Plaintiff-Appellant*, | ) | |
| | ) | |
| v. | ) | |
| | ) | ON APPEAL FROM THE |
| DETROIT PUBLIC SCHOOLS | ) | UNITED STATES DISTRICT |
| COMMUNITY DISTRICT, *et. al*, | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| *Defendants-Appellees*. | ) | |
| | ) | |

```
┌────────────────────────┐
│        FILED           │
│     Feb 21, 2019       │
│ DEBORAH S. HUNT, Clerk │
└────────────────────────┘
```

Before: BATCHELDER, GIBBONS, and ROGERS, Circuit Judges.

**ALICE M. BATCHELDER, Circuit Judge.** The plaintiff appeals the district court's judgments dismissing her claims against certain defendants in this civil rights action alleging violation of her constitutional rights and retaliation. For the reasons that follow, we AFFIRM.

**I.**

Katrina Brown was a public school teacher who complained to her superiors that the school's drinking water had unsafe levels of lead and copper and that the School District was neither testing nor remediating it. She claims that, due to these complaints, she was harassed, improperly reprimanded, and transferred to another school. She sued in federal court, raising seven claims and naming ten defendants, but only some survive to this appeal: (1) retaliation for exercising her First Amendment rights, by the school principal Felicia Cook, assistant principal Ivan Branson, and school superintendent Alycia Merriweather; and (2) violation of her substantive due process rights, by Cook, Branson, Merriweather, Detroit Mayor Mike Duggan, and the director of environmental health and safety Felicia Venable-Akinbode.

No. 18-1098, *Brown v. Detroit Public Schools*

Cook and Branson moved to dismiss, claiming: Brown's factual allegations were not sufficiently specific; the Michigan Constitution cannot create a First Amendment claim; Brown failed to exhaust her administrative remedies; substantive due process does not create a right to safe drinking water; and qualified immunity. Duggan also moved to dismiss, claiming: Brown failed to allege facts sufficient to state a constitutional claim against him; and absolute immunity. Brown did not respond to the motions. The district court found the defendants "persuasive" and dismissed them "for the reasons [they] urge," adding that Brown "presumably concedes the strength of [the] defendants' arguments, as she has neither responded to their motions to dismiss nor sought additional time within which to do so." Brown moved the court to reconsider this dismissal, claiming that health issues had prevented her attorney, Monica Smith, from responding, but the court appeared annoyed rather than persuaded, concluding that:

> Ms. Smith's declaration refers to her hospitalization in early July 2017 and unspecified medication side effects she experienced for an unspecified time thereafter. This does not account for her alleged inability to respond to defendants' motions (or to request additional time) four months later.
>
> . . . Ms. Smith apparently had recovered from her medical issues by early September 2017 when she commenced this action by filing a 28-page, multi-count complaint. Nothing in Ms. Smith's declaration suggests that she was incapacitated in November when her responses to defendants' motions were due.
>
> Finally, . . . Ms. Smith signed the complaint on behalf of United for Equality and Affirmative Action Legal Defense Fund. According to the . . . complaint, both Ms. Smith and another lawyer, Shanta Driver, are associated with this firm and both are identified as 'Attorneys for Plaintiff.' Therefore, even if Ms. Smith was unable to respond to defendants' motions by the November 10, 2017, deadline (or . . . request an extension of that deadline), Ms. Driver should have done so.

The court denied the motion.

Merriweather and Venable-Akinbode moved to dismiss the First Amendment retaliation claim because Brown's complaint did not allege that either of them took any adverse action against Brown for her speech about the allegedly unsafe drinking water. The district court agreed, finding that: "Conspicuously absent from the complaint, however, is [even] a single allegation that

2

No. 18-1098, *Brown v. Detroit Public Schools*

Meriweather or Venable-Akinbode retaliated against [Brown]. In short, there is no allegation specifically linking these defendants with any retaliation against [Brown]." Merriweather and Venable-Akinbode moved to dismiss the substantive due process claim because the complaint did not accuse them of any personal or direct involvement. The district court agreed: "[A]s with the allegations regarding retaliation, [Brown]'s allegations identifying those who exposed her to contaminated drinking water refer to 'defendants' generally or to dismissed parties or to unnamed third parties. . . . These allegations do not, directly or impliedly, implicate Meriweather or Venable-Akinbode."

The court later dismissed the remaining defendants and claims pursuant to Federal Rule of Civil Procedure 4(m), ending the case. Brown appealed.

## II.

"We review de novo a district court's dismissal of a complaint under Rule 12(b)(6)." *Theile v. Michigan*, 891 F.3d 240, 243 (6th Cir. 2018). Just as the district court would do, "[w]e construe the complaint in the light most favorable to the plaintiff." "The plaintiff must present a facially plausible complaint asserting more than bare legal conclusions." *Id*.

## A.

Brown claims the district court erred by dismissing her First Amendment retaliation claim against defendants Cook, Branson, and Merriweather. Specifically, she says the dismissal of this claim against these defendants, "due to the incompetency of trial counsel in failing to file a Response to Defendants' Motion to Dismiss" is "a miscarriage of justice," and, therefore, necessitates reversal.[1] Brown points to the district court's subsequent order (dismissing

---

[1] Brown ends this portion of her appellate brief with a one-sentence rejoinder: "This case is similar to cases in the criminal context, where courts will review verdicts where the trial counsel was guilty of ineffective of counsel [sic] thus depriving an individual of the right to have their evidence properly considered." But there is no "ineffective assistance of counsel" doctrine for civil cases. *See, e.g.*, *Adams v. Vidor*, 12 F. App'x 317, 319 (6th Cir. 2001). The remedy for ineffective *civil* counsel is a legal malpractice action (or an attorney misconduct complaint).

No. 18-1098, *Brown v. Detroit Public Schools*

Merriweather and Venable-Akinbode) in which the court opined that certain of Brown's accusations, namely "Cook's poor evaluation of [Brown], Branson's threat to fire [Brown], Cook's transfer of [Brown] to another school,[2] and Cook's formal reprimand of [Brown], may suffice to constitute adverse action for First Amendment purposes." This, according to Brown, means: "The trial court acknowledged the validity of [Brown]'s [F]irst [A]mendment claim against Cook and Branson, establishing the certainty that she would have been able to prevail on that issue." Brown also says that she sent to Merriweather, the Superintendent of Schools, copies of the complaints she made to the Michigan Office of Safety and Health Administration about the water quality, so "it is likely that [Merriweather] was informed of the complaints . . . and [the] retaliation for making those complaints,"[3] which, Brown argues, overcomes dismissal "even if [her] chances of success are remote or unlikely." We do not agree.

To begin with, it is irrelevant that the district court, after dismissing Cook and Branson, opined that their alleged actions "may" have qualified as adverse employment actions for purposes of Brown's First Amendment retaliation claim. The court had already held that Brown had not stated a First Amendment retaliation claim against Cook or Branson and/or that they were entitled to qualified immunity. Later, in denying Brown's motion to reconsider, the court repeated that it had dismissed these defendants "for the various reasons defendants presented."

On de novo review, however, we owe no deference to the district court's findings, rulings, or musings. We must consider Brown's complaint for ourselves under the proper test.

---

[2] This was a misstatement by the district court: Brown's complaint did not allege that Cook transferred Brown to another school. And here on appeal Cook contends that, as a school principal, she had no such authority. Cook and Branson also contend that because Brown was a tenured teacher, only the school board could fire or move her, M.C.L. §§ 38.101 & .102, and that Brown knew as much. Brown did not contest either contention.

[3] It bears recognizing that, even here on appeal, Brown does not claim that Superintendent of Schools Merriweather actually, personally retaliated against her—Brown claims only a likelihood that someone must have told Merriweather about Brown's complaints and the alleged retaliation against her.

No. 18-1098, *Brown v. Detroit Public Schools*

To establish a prima facie claim of First Amendment retaliation at the pleading stage, Brown must have reasonably alleged: (1) some constitutionally protected speech; (2) an adverse action taken against her that would deter a person of ordinary firmness from continuing to engage in that speech; and (3) a causal connection—that the adverse action was motivated by the speech. *Vereecke v. Huron Valley Sch. Dist.*, 609 F.3d 392, 399-400 (6th Cir. 2010).

Cook and Branson argue that the actions Brown cites—a reprimand, a poor evaluation, empty threats to fire or transfer her, and her reassignment to teach a different grade—were de minimis and do not constitute adverse employment actions. Brown does not squarely argue against this proposition. She asks that we ignore her failure to make arguments in support of her complaint below, and then she argues that the "trial court acknowledged the validity" of her first amendment claim, something that, again, is not true. She briefly argues that she "clearly" spoke on a matter of public concern and that it was similarly clear that her speech was the "proximate cause of the adverse actions against her," but she does not squarely elucidate what, precisely, those adverse actions were. To be clear, neither Cook nor Branson fired, demoted, geographically relocated, or subjected Brown to reduced responsibilities or benefits, and Brown suffered no economic loss due to their actions. Brown did not defend her complaint in the district court and in spending her energy papering-over that mistake she fails to defend it again on appeal. Whatever repercussions Brown suffered, they were de minimis.

Brown did point to one action that is not de minimis: the geographical transfer to a school across town. *See Leary v. Daeschner*, 349 F.3d 888, 901 (6th Cir. 2003). But Brown did not, in her complaint, accuse either Cook or Branson of ordering or causing that transfer. Brown alleged that "[i]mmediately and soon after [she complained about the water quality], [] COOK called an emergency meeting and reprimanded BROWN before the entire staff," but she asserted that it was the School District that "transferred [her] to another school . . . on the other side of the city."

5

No. 18-1098, *Brown v. Detroit Public Schools*

Brown further specified that in May 2016, "COOK inform[ed] [Brown] that COOK was looking for a new school for BROWN to teach at," and that, in June 2016, "BRANSON emailed BROWN stating 'Your FIRED,' [sic]." But, according to Brown, "[f]ortunately, [Cook and Branson] did not actually carry out their threats to transfer and fire BROWN in Spring 2016. BROWN continued to teach at [that same school] during the Summer 2016 term." Then, Brown says, "[o]n September 22, 2016, the [School] District informed BROWN of an immediate involuntary transfer to [the other school]," which was "in retaliation for BROWN's First Amendment, union, and whistleblower activities."

On appeal, Brown conflates defendants Cook and Branson with the defendant School District, whether by accident or design, so as to suggest or insinuate that Cook and Branson (and Merriweather) should be held responsible for the geographic transfer without claiming that they were actually responsible for it. In her opening brief, Brown asserted, unequivocally, that she "is appealing the orders of dismissal for Defendants DPSCD [i.e., the School District], Cook[,] and Branson as to Count I, violations of the U.S. Constitution's right to Freedom of Speech." But in the argument portion of the brief she addressed only Cook and Branson, and, eventually, Merriweather. She never mentioned the defendant School District even once in her argument; nor did she mention the School District in her reply brief. If she was intending to preserve (or resurrect) a claim against the defendant School District, she failed to articulate how or why. *See United States v. Layne*, 192 F.3d 556, 566–67 (6th Cir. 1999) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived."); *accord Rose v. State Farm Fire & Cas. Co.*, 766 F.3d 532, 540 (6th Cir. 2014); *Thomas M. Cooley Law Sch. v. Am. Bar Ass'n*, 459 F.3d 705, 710 (6th Cir. 2006).

But even granting Brown the dubious assumption that her intent, in her complaint, was to claim that the defendant School District retaliated against her for her speaking out about the water

6

No. 18-1098, *Brown v. Detroit Public Schools*

quality by transferring her to another school, Brown did not elaborate on the theory of that retaliation. Brown named the School District as the lead defendant, in both the caption and the "parties" portion of her complaint. Brown then named 13 defendants in Count I, the First Amendment retaliation claim, but omitted the School District from that list. Based on a plain reading of her complaint and her briefing on appeal, we conclude that Brown neither raised nor preserved a First Amendment retaliation claim against the defendant School District.

As for Merriweather, the district court found that Brown's complaint does not contain any accusation that Merriweather took any retaliatory action against her. A careful reading of the complaint confirms that this is correct. The court properly dismissed this claim.

Brown has failed to state a First Amendment retaliation claim against these defendants.

## B.

Brown claims the district court erred by dismissing the Substantive Due Process claims against Cook, Branson, Duggan, Merriweather, and Venable-Akinbode. Specifically, she argues that the district court: (1) ignored her theory of deliberate indifference, thereby improperly requiring her to "establish specific intent to harm"; and (2) failed to "accept [the] allegations in her complaint as true." In her brief on appeal, Brown phrases it this way:

> [Brown was] forced to utilize toxic water for over two weeks due to the shocking misrepresentations, cover up[,] and deliberate [in]difference of Principal Cook and Vice Principal Branson at her school, and the shocking lie by Mayor Duggan declaring the water safe. . . . Considering the depth of this crisis, it is unfathomable that [] Superintendent Merriweather and [] Executive Director of the Department of Environmental Health and Safety Venable-Akinbode were not actively involved in these actions which produced this shocking violation of [Brown]'s due process rights to not be exposed to a state created danger.

Her complaint, however, does not track this argument; notably, it does not invoke the state-created-danger doctrine or ever use that terminology. Count V of Brown's Complaint, the Substantive Due Process Claim, says, in the only pertinent part:

7

No. 18-1098, *Brown v. Detroit Public Schools*

> In providing [Brown] with contaminated water in August and September 2016 and/or causing her to consume that water, [these defendants] violated [Brown]'s [Fourteenth-Amendment-based] right to bodily integrity and exposed her to a foreseeable risk of harm. [Brown]'s [medical] examination in September 2016 showed elevated and dangerous levels of copper in her blood. [Brown] suffered bodily harm and her right to bodily integrity was violated.

These allegations suggest negligence, rather than a deliberate imposition of bodily harm. Moreover, as the Supreme Court said in *Collins v. City of Harker Heights*, 503 U.S. 115, 126 (1992), "[n]either the text nor the history of the Due Process Clause supports petitioner's claim that the governmental employer's duty to provide its employees with a safe working environment is a substantive component of the Due Process Clause."

In the remainder of her complaint, Brown alleged that some unspecified testing revealed elevated lead and copper levels in her school's drinking water in April 2016, at which time the School District shut off the water. According to Brown, the School District replaced the water fixtures and, in late August 2016, turned the water back on and announced that it was safe to drink. Thus, Brown accused the defendants of providing her with contaminated tap water for the next "two weeks," until September 19, 2016, when—in response to her personal initiative and investigation—the School District again shut off the water. The School District transferred her to another school on September 22, 2016.

Even assuming a state-created-danger theory, this is an employment setting; this is *not* a custodial setting. "[T]o succeed on a § 1983 claim in a non-custodial setting, a plaintiff must prove either intentional injury or arbitrary conduct intentionally designed to punish someone— "e.g., giving a worker a particularly dangerous assignment in retaliation for a political speech or because of his or her gender"—or must "prove conscience shocking behavior." *Upsher v. Grosse Pointe Pub. Sch. Sys.*, 285 F.3d 448, 453 (6th Cir. 2002) (editorial marks and quotation marks omitted) (relying on *Collins*, 503 U.S. at 119).

No. 18-1098, *Brown v. Detroit Public Schools*

Brown's complaint did not allege that any defendant subjected her to contaminated drinking water with the intent to injure or punish her—at most one could view her arguments as alleging "conscience shocking behavior," though, again, her complaint contains no such accusations. She does, in her brief on appeal, use the word "shocking" repeatedly, as shown in the excerpt above, but that is irrelevant to our Rule 12(b)(6) analysis. Without specific factual accusations or legal arguments, we have no basis to conclude that the actions alleged in her complaint, concerning the school's water, rise to the level of "conscience shocking behavior." Moreover, the complaint does not allege that any defendant ordered her to drink any water or directed her to engage in any conduct that would cause her harm. Therefore, as written, Brown's complaint does not state a substantive due process claim.

The conscience-shocking limit on substantive due process claims serves to keep the doctrine from expanding to cover administrative incompetence or irresponsibility. *See Cty. of Sacramento v. Lewis*, 523 U.S. 833, 848 (1998) (rejecting "a body of constitutional law imposing liability whenever someone cloaked with state authority causes harm"). Brown's scattered and often conclusory allegations are not "conscience shocking" for substantive due process purposes, and her repeated use of the word "shocking" on appeal does not make them so.

Brown cites *Boler v. Earley*, 865 F.3d 391, 408 (6th Cir. 2017), to argue that government officials violate substantive due process rights if they expose a plaintiff to a danger by lying about that danger, and labels that "deliberate indifference." But *Boler* held no such thing—instead, it stated that "the only issues currently before us are the dismissal of their § 1983 claims as preempted by the SDWA and the question of sovereign immunity." *Id*. at 414.

In her complaint, Brown did not, as to any of these defendants, allege any intentional harm or point to any evidence or legal argument to support a finding of "deliberate indifference" that "shocks the conscience." She therefore failed to state a substantive due process claim.

9

No. 18-1098, *Brown v. Detroit Public Schools*

## III.

For the foregoing reasons, we AFFIRM the judgments of the district court.